Douglas Babitzke, et al., Appellants, v. Village of Harvester, a Municipal Corporation, et al., Appellees.

Gen. No. 11,518.

Second District, First Division.

October 5, 1961.

Rehearing denied November 14, 1961.

Pelling & Krone, of Hinsdale, for appellant.

Hopper, Bowers, Calkins & Carney, of Downers Grove, for appellee.

McNEAL, J.

Douglas Babitzke and others filed a complaint in the Circuit Court of DuPage County praying for a declaratory judgment that an ordinance of the Village of Harvester is ineffective to permit the erection of a gasoline station, a motel and buildings to be used for the sale and service of trailers, trucks, etc. The court found the ordinance valid and dismissed the complaint. This appeal followed.

The record shows that Austin Talbert obtained written options to purchase two tracts of land on the north edge of the Village of Harvester and immediately south of Route 66 for a total price of $41,500. One of the options contains the following provisions:

"It is specifically understood that the option to purchase the above-described real estate is contingent upon the purchasers obtaining the proper zoning of said property from the Board of Trustees of the Village of Harvester, so as to permit the sale, display, storage and repair of trucks, trailers, cranes and allied equipment, similar to the present operation of Talbert Construction Equipment Company and Talbert Trailers at their present location of 7950 West 47th Street, Lyons, Illinois. In the event that the purchasers are able to get the required zoning to permit such operations, then the purchasers are to enter into a contract with the owners, calling for the purchase of said property at the price of Twenty-three Thousand Dollars ($23,000), payable by means of a contract calling for a 10% down payment, with the balance to be paid in monthly installments to be determined by the parties at the time of the execution of the contract, with interest at the

rate of six per cent (6%) per annum and with provisions for prepayment privileges."

Talbert applied to the zoning board of appeals of the village for a variance to permit the erection of a building for the sale and service of trailers, a motel and a gasoline station on the land. After a public hearing at which evidence for and against the variance was presented, the board unanimously recommended that the variance to permit the erection of the buildings mentioned, and also a restaurant and cocktail lounge in conjunction with the motel, be granted. Following this recommendation the village passed an ordinance granting the variance. Talbert proceeded to exercise the option, posted a bond to construct a certain road, constructed the road and a drainage ditch, and dedicated a portion of the land for highway purposes. Thereafter, Douglas Babitzke and sixty others, owners of lots in the village, filed a complaint in the circuit court, praying that the ordinance be declared invalid because Talbert did not own the land in question at the time he applied for the variance. The court heard the case on stipulated facts and entered a decree finding that the ordinance was valid and dismissing the complaint for declaratory judgment. Nine of the property owners appealed.

No question is raised on appeal as to the propriety of granting the variance, the sole contention being that Talbert did not have a sufficient interest in the property to apply for the variance.

The statute governing variances (Ill Rev Stats 1959, c 24, § 73-4) provides that the board of appeals shall require evidence that the plight of the "owner" is due to unique circumstances. The word "owner" is not defined, nor does the statute set up any express restrictions or limitations as to what persons may apply for a variance.

Appellants rely upon Lee v. Board of Adjustment, 226 NC 107, 37 SE2d 128, and Tripp v. Zoning Board of Review of City of Pawtucket (RI 1956), 123 A2d 144. These cases hold that a person having an option has no interest in the property, and that denial of a variance does not work any hardship on the holder of an option and consequently he has no standing to request a variance. Appellees rely upon Gulf Oil Corporation v. Village of Melrose Park, 21 Ill App2d 125, 157 NE2d 273, which holds that the holder of an option does have a sufficient property interest to institute a declaratory judgment suit to have an ordinance requiring frontage consents declared invalid. They also rely upon Pitman v. City of Medford, 312 Mass 618, 45 NE2d 973, which holds that an optionee does have a sufficient interest to enable him to apply for an amendment to the zoning ordinance. The text authorities (101 CJS, Zoning, Par 299, p 1082; 58 Am Jur, Zoning, Par 220, p 1058; 168 ALR 13, 106) indicate that the holder of an option may not have a sufficient interest to apply for a variance, yet these same authorities point out that if the owners join in the request, or if the person seeking the variance has a contract to purchase the ground in question, then a sufficient interest is shown upon which to base a request for a variance.

Turning to the facts of the instant case, we do not regard the decisions cited by appellants as persuasive because under the express terms of one of the two options the owners of the property clearly contemplated that Talbert would take action to obtain a variance. Moreover, this particular option was tantamount to a binding contract to purchase the property on specific terms, once the variance was obtained. See Wilson v. Township Committee of Union Tp., 123 NJL 474, 9 A2d 771. Talbert has exercised both options and commenced work upon the project. The statute places no express restrictions upon what persons may apply for

a variance, and it is our holding that under the facts in this case Talbert did have a sufficient interest in the property upon which to base his application for a variance.

We therefore conclude that the decree entered by the Circuit Court of DuPage County was correct, and that it should be and it hereby is affirmed.

Decree affirmed.

SMITH, P. J. and DOVE, J., concur.