499 P.2d 1001

**Nancy DAVIS, Appellant,**

v.

**DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Appellee.**

No. 859.

Court of Appeals of New Mexico.

July 21, 1972.

Earl Wylie Potter, Legal Aid Society of Santa Fe, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., James G. Huber, Agency Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

COWAN, Judge.

Miss Davis appeals from a decision of the New Mexico Health and Social Services Department (department) discontinuing her assistance under the Aid to the Aged, Blind and Disabled (AABD).

We reverse.

After a fair hearing and an evaluation by the Medical Review Team the department concluded that assistance then being paid to Miss Davis should be discontinued because

" . . . the medical information . . . did not establish a total disability."

Miss Davis does not contest this finding but asserts "that the conclusion reached is arbitrary, capricious, and not supported by substantial evidence based on the record as a whole." We agree that the conclusion was arbitrary. We also hold it not in accordance with the department regulations.

The standard entitling a recipient to disability assistance under AABD is determined by department regulation to be:

"231.54—DISABILITY

"231.541—DEFINITION—To be eligible for AABD on the condition of disability the person must be suffering from a permanent physiological, mental or psychological impairment that, when considered in connection with the pertinent socio-economic conditions, results in his being substantially unable to engage in employment or homemaking within his remaining ability.

"231.542 — INTERPRETATION — 'Physiological, mental or psychological impairment' includes: injury[,] illness or disease, or their residual effects; mental deficiency or mental retardation; and, psychosis, neurosis (psychoneurosis) or personality disorders.

"A 'permanent' impairment is one which is not likely to respond to any known therapeutic procedure, is likely to remain unchanged, or may become progressively worse because the only knonw [sic] therapeutic procedures to which it may be amenable are unavailable, inadvisable or may be reasonably refused.

"To be 'substantially unable to engage in employment' means the client, by virtue of his permanent impairment, and taking into consideration his remaining abilities is substantially precluded from engaging in a useful occupation.

"To be 'substantially unable to engage in home making' means the client by virtue of his permanent impairment and taking into consideration his remaining abilities is substantially precluded from engaging in home making activities for other members of the client's household."

We hold the department's conclusion arbitrary because it shows to have been based solely upon "medical information", there being no indication that consideration was given to "the pertinent socio-economic conditions" as required by Regulation 231.541, supra. It is also erroneous in that it adopts a standard of total disability rather than the standard prescribed by the department regulations, supra.

The decision of the department to discontinue Miss Davis' assistance is set aside and the case is remanded with instructions to enter a new decision and order in accordance with the law and the regulations of the department.

It is so ordered.

HENDLEY and SUTIN, J., concur.