514 P.2d 1093

**Gerald HUEY and Bonnie Huey, Petitioners,**

**v.**

**Mary C. LENTE, Respondent.**

**No. 9777.**

Supreme Court of New Mexico.

Sept. 28, 1973.

Albert & Prelo, Albuquerque, for petitioners.

Steven Schoen, Albuquerque, for respondent.

David L. Norvell, Atty. Gen., James Huber, Agency Asst. Atty. Gen., H. S. S., Santa Fe, amicus curiae.

## OPINION

STEPHENSON, Justice.

This Application for Termination of Parental Rights was brought in the District Court of Bernalillo County by the Hueys in respect to an infant son of Mary Lente, pursuant to § 22-2-23, N.M.S.A.1953 (Supp. 1971).

The district court entered judgment:

" * * * that the parental rights of Respondent Mary Lente to the minor child, Jessie Lente, be and they are hereby terminated."

Mary Lente appealed. The Court of Appeals on June 20, 1973 handed down its opinion [85 N.M. 585, 514 P.2d 1081 (1973)] reversing the trial court's judgment. However, in doing so, the majority declared the cited statute to be unconstitutional for a variety of reasons.

While not disagreeing with the result reached by the Court of Appeals, we were concerned about the statute having been struck down and granted certiorari. The New Mexico Health And Social Services Department intervened and filed a brief.

■ The majority opinion disregards at least two basic principles. Firstly, no holding that the statute was unconstitutional was required. Witness the specially concurring opinion of Judge Hernandez reaching the same result as the majority, but on the basis of the statute being constitutional. Courts will not decide constitutional questions unless necessary to a disposition of the case. Ratliff v. Wingfield, 55 N.M. 494, 236 P.2d 725 (1951).

■ Secondly, if a statute is susceptible to two constructions, one supporting it and the other rendering it void, a court should adopt the construction which will uphold its constitutionality. State v. Morley, 63 N.M. 267, 317 P.2d 317 (1957); State ex rel. Dickson v. Saiz, 62 N.M. 227, 308 P.2d 205 (1957); Abeytia v. Gibbons Garage, 26 N.M. 622, 195 P. 515 (1920); and State ex rel. Clancy v. Hall, State Treasurer, 23 N.M. 422, 168 P. 715 (1917). Again witness Judge Hernandez' opinion. Actually, this principle may be of doubtful application because of our difficulty in following the construction of the majority.

■ The majority went astray in construing § 22-2-23 E., N.M.S.A.1953 (Supp. 1971) which provides:

"E. The court after hearing may grant or deny a judgment terminating parental rights. *A judgment of the court terminating parental rights has the same effect as an adoption judgment has in terminating the parent-child relationship,* including terminating parental rights, dispensing with the consent, and with any required notice of an adoption proceed-

ing of a parent whose relationship is terminated by the judgment." (Emphasis supplied.)

§ 22–2–33, N.M.S.A.1953 (Supp.1971), captioned in part "Effect of judgment of adoption" provides in subsection A., (1) that such a judgment has the effect " * * (1) to relieve the natural parents of all parental rights and responsibilities; * * *."

This is the section to which the emphasized portion of § 22–2–23(E) obviously refers. Section 22–2–33(A)(2), N.M.S.A. 1953 (Supp.1971), which seemingly confused the majority in the Court of Appeals, is not concerned with the termination of parental rights, but rather defines the rights created between an adoptive parent and a child being adopted.

Suffice it to say that from the mentioned erroneous point of departure, the majority proceeded to further errors which arose from a blending of statutes relating to adoption and that which relates to termination of parental consent.

■ The majority further erred in holding, without citation of authority, that the statute was unconstitutional by reason of the failure of its title to comply with art. IV, § 16 of the New Mexico Constitution.

Again this holding proceeded on the fallacious premise that actions brought under § 22–2–23 are for adoption.

In any case, we find no constitutional shortcomings in the title of the statute measured by the standards laid down in City of Albuquerque v. Garcia, 84 N.M. 776, 508 P.2d 585 (1973), which we intended as a definitive expression on this subject.

We reverse the majority opinion of the Court of Appeals in its entirety.

■ By way of supplementing what we have said, we approve of and adopt the special concurring opinion of Judge Hernandez. In so doing, we specifically approve his views as to the quantum of proof required as being "clear and convincing." Nevelos v. Railston, 65 N.M. 250, 335 P.2d 573 (1959). We do not view the opinion in Petition of Quintana, 83 N.M. 772, 497 P.2d 1404 (1972) as creating or directly approving any lesser quantum.

The judgment of the District Court of Bernalillo County is reversed, and the case remanded for further proceedings in accordance herewith.

It is so ordered.

McMANUS, C. J., and OMAN, MONTOYA and MARTINEZ, JJ., concur.