534 P.2d 1122

**Lucy PELLMAN, on behalf of her minor child, Amy Gina Pellman, Appellant,**

v.

**Richard HEIM, Individually and in his capacity as Executive Director, New Mexico Department of Health and Social Services, Appellee.**

**No. 1654.**

Court of Appeals of New Mexico.

April 16, 1975.

Joseph Goldberg, Donald J. Kinney, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Santa Fe, James G. Huber, Agency Asst. Atty. Gen., for appellee.

OPINION

LOPEZ, Judge.

Mrs. Pellman appeals an adverse decision of the director of HSSD (Department of Health and Social Services) terminating AFDC benefits (Aid to Families with Dependent Children) for her daughter, Gina Pellman. Gina has been a recipient of AFDC assistance since her birth in 1967. Her parents are divorced and she is presently living with her mother.

The issue on appeal is whether the director's decision is erroneous as not in accordance with law. Section 13–18–4(F)(3), N.M.S.A. 1953 (Repl.Vol. 3, Supp.1973). The hearing officer concluded that assistance to Gina should be terminated because Gina had not been "deprived of parental support." The director concurred in this conclusion on the basis that Gina's father continued to function "as a provider of maintenance, physical care, or guidance."

The pertinent sections of § 13–17–9, N.M.S.A. 1953 (Repl.Vol. 3, Supp.1973) state that AFDC assistance shall be provided

to, or on behalf of, eligible persons under 18 years of age who are living with a parent and who have been deprived of parental support or care by reason of continued absence from the home of another parent.

HSSD Regulation No. 221.71 states that to be considered eligible for AFDC assistance the child, in relation to whom a determination of continuing eligibility is made, must be deprived of parental support or care. One way of determining eligibility is through continued parental absence.

HSSD Regulation No. 221.722 states: "221.722—CONTINUED ABSENCE FROM THE HOME OF ONE OR BOTH PARENTS—Deprivation of parental support exists because of the continued absence from the home of one or both parents when the following factual circumstances are established:

"A. the parent is out of the home; and,

"B. the nature of the absence either interrupts or terminates the parent's functioning as a provider of maintenance, physical care, or guidance for the child; and,

"C.· the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support or care of the child.

"The following table sets forth the above-stated factual circumstances necessary to be established with the corresponding interpretations and the required method of proof. The factual circumstances listed under B and C above are combined in the table because of the inextricable involvement of absence with the factor of actual or potential support from the absent parent.

" . . .

"Absence of a parent because of the existence of a divorce or legal (court action) separation is an absence of the type and duration that fulfills this condition of eligibility unless there is other evidence that the absent parent has re-established residence in the home. A divorce or judicial separation exists for the purpose of this condition if a final decree or judgment of divorce or spearation [sic] between the parents has been entered."

In determining parental absence the director has applied the general language of Regulation No. 221.722 but ignored the specific language in that regulation concerning divorce. This specific language has no qualifications. It simply states that once it is shown the recipient's parents are divorced, the recipient has met the requirement unless the agency shows that the absent parent has re-established residence in the home.

It is undisputed that Gina's parents have been divorced since 1969 and have not lived together since then. In the findings of fact the hearing officer stated that Gina's parents were divorced and that Gina's father was not a part of the Pellman household. On these findings, HSSD Regulation No. 221.722 requires the conclusion that Gina's father is absent from the home for purposes of the statute. This absence is sufficient to establish deprivation of parental support. Section 13–17–9, supra.

The department is bound by its own regulations. When the department ignored part of its regulations, it was, in effect, setting up new standards outside its own regulations. It is erroneous as a matter of law when the department uses standards inconsistent with those prescribed by department regulations. Davis v. Department of Health and Social Services, 84 N. M. 79, 499 P.2d 1001 (Ct.App.1972).

It should also be noted that the purpose of AFDC assistance is to strengthen family life and to promote family solidarity. HSSD Regulation No. 220.2, Haceesa v. Heim, 84 N.M. 112, 500 P.2d 197 (Ct.App.1972). The director's decision would require Gina's father to live away from her present place of abode and not visit her as often. By his decision the

director frustrated, rather than furthered, the policies and purposes of the program.

We reverse the decision of the director and remand with instructions to continue AFDC benefits to Mrs. Pellman, on behalf of her daughter, Gina Pellman.

It is so ordered.

WOOD, C. J. and SUTIN, J., concur.