547 P.2d 562

**ADVANCE SCHOOLS, INCORPORATED,**
**Petitioner,**

v.

**BUREAU OF REVENUE, Respondent.**

**No. 10728.**

Supreme Court of New Mexico.

March 15, 1976.

Ortega, Snead, Dixon & Hanna, Robert M. Dixon, Albuquerque, for petitioner.

Toney Anaya, Atty. Gen., Jan E. Unna, Asst. Atty. Gen., Bureau of Revenue, Santa Fe, for respondent.

## OPINION

STEPHENSON, Justice.

The taxpayer, Advance Schools, Inc., protested an assessment of the New Mexico gross receipts tax, and after a formal hearing, the Commissioner of Revenue (Commissioner) upheld the assessment. An administrative appeal was taken to the Court of Appeals.[1] The Court of Appeals affirmed the decision and order of the Commissioner. *Advance Schools, Inc. v. Bureau of Revenue,* N.M., 548 P.2d 95 (Filed November 25, 1975). We granted certiorari and reverse the Court of Appeals and the Commissioner.

Advance Schools, Inc. (ASI) is a vocational correspondence school incorporated in Delaware and based in Chicago, Illinois. During the tax reporting period at issue[2] ASI maintained two district offices in New Mexico with two to six sales representatives. These representatives contacted prospective students and assisted applicants with completion of application forms and retail installment contracts. Subsequent to acceptance of the student into programs,

---

1. Section 72-13-39 N.M.S.A. (Supp.1975); § 16-7-8 N.M.S.A.1953.

2. October 1, 1970 to April 30, 1973.

which range from automobile mechanics to management training, virtually all contact between ASI and the student was conducted by mail or telephone from Illinois. Each student was mailed materials valued at an average cost of $50 per student. The remainder of the applicant's tuition covered the costs of grading, counseling and other services connected with the educational programs.

ASI paid tax only on the $50 per student for materials. The Commissioner sought to tax the total amount of tuition paid by ASI's New Mexico students.

On appeal the scope of review of a decision of the Commissioner is regulated by statute. Section 72–13–39(D) N.M.S.A. (Supp.1975) provides:

Upon appeal, the court shall set aside a decision and order of the commissioner only if found to be: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law.

The question before us is whether the Commissioner's decision and order are supported by substantial evidence and in accordance with the law.

We look first at the pertinent statutes. Section 72–16A–4 N.M.S.A. (Supp.1975) provides for a four percent gross receipts tax for the privilege of engaging in business in New Mexico. "Gross receipts" is defined as the "total amount of money or the value of other consideration, received from selling property in New Mexico . . . or from performing services in New Mexico . . .." § 72–16A–3(F) N.M.S.A. (Supp.1975). "Property" is defined as "real property, tangible personal property, licenses, franchises, patents, trade-marks and copyrights. . . ." § 72–16A–3(I) N.M.S.A. (Supp.1975). "Service" means "all activities engaged in for other persons for a consideration, which activities involve primarily the performance of a service as distinguished from selling property. . . ." § 72–16A–3 (K) N.M.S.A. (Supp.1975).

Based upon these statutes, the Bureau of Revenue has promulgated two regulations that are involved in this case:

G.R. Regulation 3(F): 8–CORRESPONDENCE SCHOOLS—

Receipts of a correspondence school from selling correspondence courses to students in New Mexico are receipts from selling property in New Mexico and are subject to the Gross Receipts Tax . . ..

G.R. Regulation 3(F): 33—RECEIPTS FROM PERFORMING SERVICES OUTSIDE NEW MEXICO—Receipts from performing services outside New Mexico are not subject to the Gross Receipts Tax.

The Commissioner found that ASI through its sales representatives and operations conducted business in New Mexico; that ASI sold tangible personal property of educational materials in New Mexico; and that any services performed in conjunction with the sale of property were incidental. Based on these findings, the Commissioner upheld Regulation 3(F):8 and held the assessment valid as to the entire tuition paid by New Mexico students at ASI.

We do not question the finding that ASI engaged in business in New Mexico and was thus subject to the gross receipts tax. But we have great difficulty understanding why the Bureau of Revenue characterized ASI's transactions as primarily sales of tangible personal property. ASI is an educational institution and provides many services to its students. Each course is divided into units, and the student must complete one lesson before receiving additional materials. In order to complete a unit, a student must take an examination which is graded by ASI in Illinois. It is true that these examinations are often graded by computers in Illinois, but the fact remains that this service is essential to the completion of any course. ASI also closely monitors a student's progress and has time limits for the completion of lessons. Should the student fall behind, ASI corresponds

with the student in an attempt to motivate him. The student also has the opportunity to correspond by mail or telephone with his instructors in Illinois. Upon completion of a course ASI offers employment services, including recommendations to prospective employers. All these services and others are included in the tuition paid by the student. To classify the transaction between ASI and its students as primarily the sale of personal property is entirely unwarranted. ASI is an institution providing educational services.

 We agree with the Court of Appeals that there is no established test for treating a sale of property accompanied by a sale of services, especially where no attempt is made to separate the two sales. However, the Court of Appeals was incorrect when it stated that the taxpayer in this case had not shown that the contract price could be divided into property and services. ASI had voluntarily paid tax on each student kit valued at $50 per student. This value was not controverted at the hearing, and the record supports this amount as the value of the tangible personal property sold in New Mexico. The Bureau of Revenue apparently relied on its Regulation 3(F):8 to uphold the assessment. There is no substantial evidence that the sale was primarily of personal property, or that the value of the personal property sold exceeded $50.

It is clear that one can be taxed separately for sales of property and sales of services in New Mexico. §§ 72–16A–3(F), (I), (K),–4 N.M.S.A. (Supp.1975). It is just as clear, however, that the Bureau of Revenue cannot tax services performed outside the state. § 72–16A–3(F) N.M.S.A. (Supp.1975); G.R. Regulation 3(F):33. Virtually all the services accompanying the sale of educational materials by ASI were performed in Illinois. The Commissioner's decision and order, therefore, are not supported by substantial evidence. G.R. Regulation 3(F):8 is also invalidated insofar as it taxes all the receipts from selling correspondence courses to New Mexico students. The Commissioner can only tax as gross receipts the value of property entering the state.

The Court of Appeals opinion is based in part on a constitutional issue raised by the taxpayer. We do not reach this question since our previous discussion makes it unnecessary. Constitutional questions are not decided unless they are necessary to the disposition of the case. *Las Cruces Urban Renewal Agcy. v. El Paso Elec. Co.*, 86 N.M. 305, 523 P.2d 549 (1974); *Huey v. Lente*, 85 N.M. 597, 514 P.2d 1093 (1973).

The Court of Appeals and the Commissioner are reversed.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, MONTOYA and SOSA, JJ., concur.