555 P.2d 903

**PROPERTY TAX DEPARTMENT of the**
State of New Mexico, Petitioner,

v.

**MOLYCORP, INC., Respondent.**

No. 11052.

Supreme Court of New Mexico.

Oct. 27, 1976.

Toney Anaya, Atty. Gen., John C. Cook, Property Tax Dept., Asst. Atty. Gen., Santa Fe, for petitioner.

Campbell, Cherpelis & Pica, Lewis O. Campbell, Albuquerque, for respondent.

OPINION

EASLEY, Justice.

Molycorp, Inc. (Molycorp) protested the New Mexico Property Tax Department's (Department) 1975 valuation of certain mill equipment and machinery held or used in connection with productive mineral property. The Court of Appeals reversed the order of the director of the Department. We granted certiorari and reverse the Court of Appeals.

In 1968 Molycorp and the Department reached a compromise for that tax year as to the value of the value of the mill equipment and machinery, in which $5,000,000, representing the excess cost of the property over Molycorp's original estimated cost, was deducted from the true original cost figure. The estimated cost by Molycorp's engineers was $15,000,000, and the money spent was $21,000,000. On November 15,

1972, the Department entered Special Order No. 380 which set the value of the property at a figure $5,000,000 less than the actual cost incurred.

In 1975 Molycorp filed its annual report, using the original cost of the equipment and machinery plus the cost of later additions and subtracting the $5,000,000 for cost overruns as in the previous six years. This report was not accepted by the Department for the 1975 valuation. The Department valued the property pursuant to § 72–29–12, N.M.S.A.1973 (Supp.1975), which had changed the method of valuation from that authorized when Special Order 380 was promulgated in 1972. Molycorp protested the 1975 valuation, but the director ruled against the protest and entered Special Order No. 453 upholding a valuation based on the original cost of the property without the previous deduction for overruns.

Is the Department prevented, on the theory of res judicata, from changing the method of valuation of Molycorp's property as set forth in orders in prior years? The Court of Appeals held that although res judicata did not apply to this case, the Department was collaterally estopped from reassessing the mill property after the formal hearing which resulted in the issuance of Special Order No. 380 in 1972.

In 1972 when Special Order No. 380 was issued by the Department, the statutes provided that the Department would arrive at the valuation "by an appraisal thereof." § 72–6–7, N.M.S.A.1953 (1972 Interim Supp.).[1] In 1973 a comprehensive change was made in the statutes involving the valuation of the property. The new statute that was applicable to the 1975 valuation of Molycorp's property is § 72–29–12(B), N.M.S.A.1953 (Supp.1974).[2] It provided that property such as that in question here would be "valued under the methods of valuation

required by the Property Tax Code and department regulations." Section 72–31–7, N.M.S.A.1953 (Supp.1975) provides that all property subject to valuation for property taxation purposes shall be valued as of January 1 of each taxable year, with certain exceptions not material here.

The regulation of the Department that controlled the specific method of valuation of Molycorp's property was the same in 1975 as in 1972 when the prior order was issued. Rules and Regulations, § 70–4 states:[3]

> In determining actual value, the State tax Commission [now Property Tax Department] shall take the original cost of any improvements, equipment, materials, supplies and personal property held or used in connection with productive mineral property and subtract from said original cost 12½%, as an allowance for intangibles. This will result in a percentage of 87½% of original cost, which shall constitute actual value of such above named and referred to properties.

Despite the explicit mandate of the regulation, the Department entered Special Order No. 380 accepting Molycorp's method of valution, including the deduction for overruns. It is significant that this order was specifically limited to the year 1972. It stated in part:

> [T]he actual value of the property *for the year 1972*, for ad valorem tax purposes in the amount of $32,352,351.00 as fixed by the Department is excessive. That a more true, correct, equitable, fair and uniform value of said property *for the year 1972,* for ad valorem tax purposes would be and is $30,682,665.00 (emphasis added).

Molycorp argues that this order was binding on the Department as to the 1975

1. Ch. 57, § 2 [1972] N.M.Laws 255.

2. Ch. 258, § 24 [1973] N.M.Laws 1037.

3. New Mexico State Tax Commission, Rules and Regulations [adopted pursuant to N.M. Const. art. VIII, § 1; §§ 72–6–1, 72–6–4, 72–6–7, N.M.S.A.1953], § 70–4 (Feb. 13, 1970), Mineral Property-Valuation, VALUATION OF IMPROVEMENTS, EQUIPMENT, MATERIALS, SUPPLIES AND PERSONAL PROPERTY HELD OR USED IN CONNECTION WITH PRODUCTIVE MINERAL PROPERTY, ¶ 3.

valuation. We cannot agree. The order itself is explicitly limited to the year 1972 and is clearly in violation of the Department's regulations on the valuation of mineral property. Moreover, the Department has the duty on an annual basis to value property held or used in connection with mineral property. § 72–31–7, supra.

■ Molycorp argues the doctrine of res judicata. The Court of Appeals ruled that collateral estoppel precludes the Department from changing the figures. We hold that neither of these doctrines applies.

Molycorp relies on *City of Socorro v. Cook,* 24 N.M. 202, 173 P. 682 (1918). In that case the Legislature had established a procedure by which the City of Socorro could determine legal title to, allot and deed various lands around the city. Twenty years later the city sought to attack its own approval of the conveyance collaterally in face of a twelve month statute of limitation. The Supreme Court held that Cook's title was not subject to collateral attack. The differing facts make the decision inapplicable here.

■ Res judicata does apply to the rulings of administrative bodies under the proper circumstances. However in *Baca v. Grisolano,* 57 N.M. 176, 189, 256 P.2d 792, 800 (1953) we said:

> The Chief of the Division of Liquor Control having power to grant liquor licenses under the provisions of the statute has likewise inherent power to cancel and revoke any license which he finds has been, for any reason, issued without authority or issued in conflict with the statutes governing and limiting the issuance thereof.

This language from Baca was approved by this Court in *Petroleum Club Inn Co. v. Franklin,* 72 N.M. 347, 349, 383 P.2d 824, 825–26 (1963) in which we further stated:

> We have not overlooked *City of Socorro v. Cook,* 1918, 24 N.M. 202, 173 P. 682, relied upon by appellant, but we do not believe that it applies to the proceedings here contemplated. Res judicata is

frequently termed applicable to administrative rulings. However, although not discussed in *Grisolano,* supra, under the authority of that case it is clear that it should not be applied in this situation (citations omitted).

We ruled in Petroleum Club that the Chief of the Division of Liquor Control had inherent administrative power to revoke a liquor license on the ground that the license was issued contrary to the limitations of the statute. Similar statutory limitations prevent the doctrine of res judicata from applying to this case.

■ The act of the Department in issuing Special Order No. 380 which arbitrarily made a five million dollar deduction in the value of the property of Molycorp in violation of the rules of the Department, was unauthorized and ultra vires, and the order cannot be relied upon to invoke the doctrine of collateral estoppel. In any event the Department cannot be bound as to a 1975 valuation by an order specifically pertaining to a 1972 valuation, since each taxable year presents a new responsibility for placing a value on taxable property.

The parties stipulated in the trial court that for the 1975 tax year Rule 70–4 had been strictly applied to all taxpayers in the mineral business. The Department claims that it would be in violation of the equal protection clauses of the United States and New Mexico constitutions if a special $5,000,000 deduction were allowed Molycorp. This presents interesting constitutional questions, one of which is whether the State is a protected "person" qualified to raise the issue. See *Edington v. New Mexico Public Service Commission,* 74 N.M. 647, 397 P.2d 300 (1964); *Brockman v. Contractors Licensing Board,* 48 N.M. 304, 150 P.2d 125 (1944).

■ We do not reach these constitutional questions. This Court will not pass upon constitutional questions if the merits of the case may be otherwise fairly decided. Justice Frankfurter's opinion in the case of *Railroad Comm'n v. Pullman Co.,* 312 U.S.

496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) stands for the principle of law that the Supreme Court has a duty to avoid a constitutional adjudication where a ruling on another issue would terminate the controversy. Justice Frankfurter also authored the opinion in a later case, *Communist Party v. Control Board,* 351 U.S. 115, 122, 76 S.Ct. 663, 667, 100 L.Ed. 1003 (1956), in which it was held that the " . . . non-constitutional issue must be met at the outset, because the case must be decided on a non-constitutional issue, if the record calls for it, without reaching constitutional problems." This we have done. See also *Advance Schools, Inc. v. Bureau of Revenue,* 89 N.M. 79, 547 P.2d 562 (1976); *Las Cruces Urban Renewal Agcy. v. El Paso Elec. Co.,* 86 N.M. 305, 523 P.2d 549 (1974).

The cause is reversed and remanded with directions to affirm Special Order No. 453 of the Property Tax Department.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, MONTOYA and SOSA, JJ., concur.