563 P.2d 608

Maxine MARTINEZ, Appellant,

v.

HEALTH AND SOCIAL SERVICES DEPARTMENT of the State of New Mexico, and Fernando C de Baca, Executive Director, Appellee.

No. 2763.

Court of Appeals of New Mexico.

March 8, 1977.

Rehearing Denied March 21, 1977.

Certiorari Quashed May 3, 1977.

James A. Burke, Northern New Mexico Legal Services, Inc., Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Robert P. McNeill, Gen. Counsel, Health and Social Services Dept., James G. Huber, Sp. Asst. Atty. Gen., Health and Social Services Dept., Santa Fe, for appellee.

## OPINION

LOPEZ, Judge.

Mrs. Martinez appeals an adverse decision of the director of H.S.S.D. (Health and Social Services Department) terminating A.F.D.C. benefits (Aid to Families with Dependent Children) for her three children from a previous marriage. We reverse and remand.

On appeal Mrs. Martinez presents three points: the dispositive point relates to the substantiality of the evidence regarding H.S.S.D. Regulation No. 221.832. The other two points are constitutional issues relative to this section. We feel that we can decide this case without addressing the constitu-

tional issues presented. We do so because we follow the principle of the Supreme Court of New Mexico that a court will not decide constitutional questions unless necessary to a disposition of the case. *Property Tax Department v. Molycorp, Inc.*, 89 N.M. 603, 555 P.2d 903 (1976). See *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1940); *Huey v. Lente*, 85 N.M. 597, 514 P.2d 1093 (1973).

Mrs. Martinez lives with her husband, and a mutual child of this marriage, and three minor children from her previous marriage. The three children from her previous marriage form the A.F.D.C. assistance unit whose benefits are in dispute; she does not work and has no other source of income. Mrs. Martinez' present husband is the stepfather of the three minor children but he has not adopted them. The uncontroverted evidence in the record indicates that Mrs. Martinez' present husband has not taken any responsibility to provide for the support of the three children, nor does he give Mrs. Martinez one-half of his income with which she could support the children from the previous marriage.

The decision of the county, affirmed by the director, is based on H.S.S.D. Regulation 221.832 which attributed income available to Mrs. Martinez in the amount of $277.53. The need of the assistance unit, based upon agency budgetary standards, was $187.00; hence, no deficit remained. Mr. Martinez has a gross monthly income of $960.28. One-half of this amount was considered available to Mrs. Martinez. After division of income, and appropriate deductions, $303.22 was considered available to the budget group which Mrs. Martinez represents. The county recomputed the amount available at the hearing. At that time the county concluded that $277.53 was available to the budget group.

The issue on appeal is whether the director's decision was erroneous as not supported by substantial evidence or not in accordance with law. Section 13–18–4 F(1)(2)(3), N.M.S.A.1953 (Repl.Vol. 3, pt. 1, 1976), provides:

"F. The court shall set aside a decision and order of the director only if found to be:

"(1) arbitrary, capricious or an abuse of discretion;

"(2) not supported by substantial evidence in the record as a whole;

"(3) otherwise not in accordance with law."

H.S.S.D. Regulation No. 221.832 B.1.(a) reads as follows:

"a. *Division of Income between Spouses*—In keeping with the State's community property law, one half (½) the community property income of spouses is considered available to each spouse when they live together. The separate income of a spouse is considered available only to that spouse. '*Separate inome* [sic]' is income (1) that is derived from property acquired before marriage and not since converted to community property or (2) *that is kept separate by one spouse and is not used to meet common expenses or debts of both spouses.* All income is considered as community property income unless the client can demonstrate to the worker's satisfaction that it is separate income." [Emphasis added]

This regulation was issued on April 15, 1976 by H.S.S.D.

The evidence in the record shows that Mr. Martinez does not give Mrs. Martinez one penny of his income toward the support of the three children of her previous marriage.

 The regulation does not state an irrebuttable presumption that the income of Mr. Martinez should be legally available to support those three children. The regulation only says that if it is "available," it shall be considered in determining benefits. This case presents evidence that the disputed income was separate property under subsection (2) of the regulation. It is undisputed that the income was kept by one spouse and not used to meet common expenses or debts of both spouses. The department is bound by its own regulations. *Pellman v. Heim*, 87 N.M. 410, 534 P.2d 1122 (Ct.App. 1975).

The record, we conclude, supports the following contention: there is no substantial evidence to support the finding of the director that any part of the community property was "available" to Mrs. Martinez. Mrs. Martinez overcame the presumption that her husband's income was available to her for the benefit of the assistance unit. Because H.S.S.D. offered no evidence in rebuttal, the finding that Mr. Martinez' income was available is not supported by substantial evidence. Section 13–18–4 F(2), supra; *San Pedro So. Group v. Bernalillo Cty. Val. Pr. Bd.*, 89 N.M. 784, 558 P.2d 53 (Ct. App.1976). See also *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967). The income at issue is community property or income for general purposes, but it is separate income for A.F.D.C. purposes. See generally *Huerta v. Health and Social Services Department*, 86 N.M. 480, 525 P.2d 407 (Ct.App.1974).

The case is reversed and remanded to the director to reinstate A.F.D.C. benefits to Mrs. Martinez retroactively and to proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

SUTEN and HERNANDEZ, JJ., concur.