590 P.2d 179

**Faun HILLMAN, Appellant,**

v.

**HEALTH AND SOCIAL SERVICES DEPARTMENT of the State of New Mexico, Appellee.**

**No. 3364.**

Court of Appeals of New Mexico.

Jan. 16, 1979.

Charles McCormack, Southern New Mexico Legal Services, Las Cruces, for appellant.

Jeff Bingaman, Atty. Gen., Carolyn Cosner, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

LOPEZ, Judge.

Appellant, Mrs. Faun Hillman, appeals a decision of appellee, Health and Social Services Department and Fernando C. De Baca, the Department's Executive Director, denying her General Assistance benefits under the New Mexico Public Assistance Act, §§ 27–2–1 et seq., N.M.S.A. 1978. We reverse and remand.

Section 27–3–4F(1), (2), (3) N.M.S.A. 1978 gives this Court the power to set aside a

decision of appellee if it proves to be "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record as a whole; or (3) otherwise not in accordance with law." All of appellant's arguments for reversal are based upon the contention that appellee's decision was not in accordance with law.

Recitation of the following facts is essential for a clear understanding of this case. Based upon a determination of temporary disability, appellant was receiving General Assistance benefits (Category 05) in Dona Ana County. *See* §§ 27–2–7A(2) and 27–2–8, N.M.S.A. 1978. The agency in this county sent appellant an Advance Notice of termination. Appellant requested a fair hearing and benefits were continued pending the administrative appeal. *See* § 27–3–3, N.M.S.A. 1978. The agency based its termination upon a statement from a doctor that appellant was no longer disabled, that she had refused prescribed psychological evaluations and that X-rays were not significant to support a claim of disability. A fair hearing was held and the medical statement was admitted into evidence. Appellant also testified. At the end of the fair hearing, the hearing officer decided to refer this statement, testimony, and other offered material to the Incapacity Review Unit for a recommendation as to whether other physical examinations of appellant should be authorized. The Incapacity Review Unit concluded that the submitted information was completely inadequate to determine appellant's continued eligibility for Category 05 benefits. Consequently, it recommended that appellant submit to a psycho-diagnostic and orthopedic examination. In addition, it requested that a social summary accompany the reports of these examinations. This information was deemed necessary before a decision could be made on her fair hearing. Acting upon the belief that the decision of appellant's continued eligibility was to be made on evidence introduced outside the fair hearing, appellant refused to consent to the requested examinations. When this refusal was communicated to appellee, it failed to advise appellant of any opportunity for examining the reports, the doctors

preparing the report, the case-worker preparing the social summary and the members of the Incapacity Review Unit upon whose recommendation the county agency's decision would be based. Based upon appellant's refused consent, the Executive Director terminated appellant's benefits. This termination was made on a document entitled "Fair Hearing Decision." A judicial appeal to this Court followed. *See* § 27–3–4, N.M.S.A. 1978.

■ Appellant presents three points for reversal: (1) appellee's fair hearing decision violated its own regulations; (2) appellee's fair hearing decision violated statutory and administrative law; and (3) appellee's fair hearing decision violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The first point is dispositive of this appeal. Therefore, we make no decision concerning the other points. With respect to the last point, we follow the principle that a court will not decide constitutional questions unless necessary to a disposition of the case. *Property Tax Department v. Molycorp, Inc.*, 89 N.M. 603, 555 P.2d 903 (1976); *Huey v. Lente*, 85 N.M. 597, 514 P.2d 1093 (1973); *see also Railroad Comm'n v. Pullman Co.*, 312 U.S. 496,. 61 S.Ct. 643, 85 L.Ed. 971 (1941).

■ In discussing those considerations involved under appellant's first point, we note that appellee is bound by its own regulations. *Martinez v. Health and Social Services Department*, 90 N.M. 345, 563 P.2d 608 (Ct.App.), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). The following are those regulations pertinent to appellant's contention:

275.31—RIGHT TO FAIR HEARING—Every applicant or recipient may request and obtain a fair hearing with respect to any Agency action . . . concerning . . . the determination of his eligibility for assistance . . . *The right to a fair hearing includes the right to be advised of the nature and availability of such a hearing, to receive any needed help in preparing for or participating in it, to have a hearing which*

*fully safeguards his opportunity to present his case, to have* prompt notice and *implementation of the decision based on the hearing,* and to be advised that he may invoke judicial review . . . (Emphasis added)

275.33—AUTHORITY FOR DECISION–MAKING FOLLOWING HEARING—The Executive Director makes the final administrative decision *on the information provided in a fair hearing.* (Emphasis added)

275.472—INFORMATION PRESENTED—All information presented or used by the county office . . . during the course of the hearing must be heard by or, *if written, must be available to the claimant or his representative for examination prior to the hearing as well as during the hearing itself. No other information may be a part of the hearing record or used in making a decision on the case.*

In instances when the client is appealing a decision involving medical care or a medical condition, the client has the right to know the facts about any documents on which the decision was based. *The medical report may be examined following receipt of a fair hearing request by the client and/or his representative, prior to or during the hearing, or the medical report may be read aloud during the hearing.*

.      .      .      .      .

When the hearing involves medical issues, such as those concerning a diagnosis, an examining physician's report, or the Incapacity Review Unit's decision, a medical assessment other than of the person or persons involved in making the original decision will be obtained at the Department's expense from a source satisfactory to the claimant, if the hearing officer considers it necessary, and *made a part of the record.* (Emphasis added)

We have presented at some length the foregoing regulations to show the specificity governing the conduct of a fair hearing, the requisites for inclusion of information into the fair hearing record, and the information which can be considered in making a final decision of eligibility.

Based upon these regulations, it is obvious that any decision terminating a claimant's benefits must be based on a hearing which fully protects the claimant's opportunity to present his case. Specifically included in this opportunity is the option to examine all medical reports prior to or during the hearing. In addition, since medical reports are written information, they cannot be made "a part of the hearing record or used in making a decision on the case" unless they have been made available for such examination. Section 275.472, Public Assistance Manual, Vol. II–A. Furthermore, any additional medical assessments deemed necessary for a final decision is to be made a part of the record. We have already indicated that Section 275.472 requires the availability of examination as a requisite for inclusion in the record. Therefore, the availability to examine reports made pursuant to Section 275.472 is implicitly required in this section's provision that they be "made a part of the record." Moreover, Section 275.33 directs that a final decision be based on the information provided in a fair hearing.

█ The scheme emerging from these regulations is clear. No final decision terminating benefits can be made on any information other than that presented in the fair hearing; and only that written information which is available for examination may be part of the fair hearing record. Of course, any information presented in the fair hearing will necessarily be reflected in the record. It follows, therefore, that a termination of benefits cannot be based upon any information other than that contained in the record.

█ The facts of the present case indicate that the fair hearing record was "completely inadequate" to determine appellant's continued eligibility for benefits. Consequently, further medical examinations were requested. The facts further show that appellant believed that her eligibility would be based upon medical assessments

which would not be subject to examination. In this situation, appellant concluded that her eligibility would be determined upon information not presented at the fair hearing. Appellant recognized this as unlawful and, therefore, refused to submit to the requested examinations. Appellee terminated appellant's benefits on a document entitled "Fair Hearing Decision." The record of appellant's fair hearing had already been judged inadequate for an eligibility determination. Despite the regulatory scheme requiring a final decision to be based only on information provided in a fair hearing, appellee terminated appellant's benefits. The reason given for this termination was refusal to cooperate in the establishment of eligibility. The document states that, in the face of such a refusal, "presumptive ineligibility exists." Appellee's regulations do not provide for a termination based upon such a presumption. Terminations can only be based upon the hearing record. See Sections 275.33 and 275.472, supra. Under these circumstances, we hold that appellee's fair hearing decision violated appellee's own regulations and that, therefore, this decision is not in accordance with law. *Martinez v. Health and Social Services Department, supra.*

In arriving at this holding, we note that appellee's regulation, Section 241.72, provides for the termination of assistance whenever a client's refusal to accept medical treatment is not justified. Section 241.72, Public Assistance Manual, Vol. II–A. In oral argument, appellee contended that its decision was made pursuant to this section and that, therefore, this decision was not in violation of appellee's regulations. A termination under this section is dependent upon a finding of unjustified refusal. As indicated above, Section 275.31 includes, in the right to a fair hearing, the right to be advised of the nature and availability of such a hearing. The facts of this case clearly indicate that appellant's refusal to consent to the requested examinations and the basis for this refusal were communicated to appellee. The reason given for this refusal was based upon appellant's belief that another hearing to examine the resulting reports would not be available. The record of appellant's fair hearing does not show that the hearing would be reopened in order to allow appellant to present her case in light of the resulting medical reports and accompanying social summary. In this situation, Section 275.31 demanded that appellee advise appellant of the availability of another hearing. Because appellee failed to inform appellant of this availability, appellant's refusal to consent to the requested examination was justified. Therefore, Section 241.72 cannot be used as a lawful basis for terminating appellant's benefits.

Appellee cites *Georgia Department of Human Resources v. Holland,* 133 Ga.App. 616, 211 S.E.2d 635. (Ct.App.1974) as authority for the proposition that upon adjournment of a disability hearing either party is authorized to submit evidence. Based upon this proposition, appellee contends that appellant would have been afforded the opportunity to present further evidence in response to the requested examinations and social summary. Appellee's reliance upon this case as support for this contention is misplaced. The decision in *Georgia* was based upon the statutory scheme governing social welfare in Georgia. See Ga.Code Ann. §§ 99–2001 et seq., Book 28 (1968). Appellant cannot be presumed to know this scheme. In addition, the facts of this case and Section 275.31 require that the burden of informing appellant of this opportunity be placed upon appellee.

■ Appellee reminds us that the purpose of the rule requiring an evidentiary hearing is to assure that the final decision is not based on information received "without any notice to appellant and without any opportunity for appellant to know, prepare or meet such issues or matters considered" by the decision-maker in his conclusions. *Transcontinental Bus System v. State Corp. Commission,* 56 N.M. 158, 162, 241 P.2d 829, 831 (1952). We agree. However, it is undeniable that appellant's benefits have been terminated and the above assurance has not been met. In this situation, we set aside appellee's decision, remand this case, and order appellee to notify appellant of her

opportunity to examine any medical reports made pursuant to Section 275.472. In addition, we order appellee to reinstate General Assistance Benefits to appellant retroactively, to continue them until a fair hearing decision is made in accordance with the law, and to proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

HERNANDEZ and SUTIN, JJ., concurs.

SUTIN, Judge (concurring).

I concur.

We do not have to proceed beyond the record to determine the error of the HSSD decision. To fumble with statutes, regulations, authorities, and complex issues results from inexperience in the trial and appeal of cases. HSSD should be knowledgeable of common sense procedures and not take advantage of persons on relief.

At the conclusion of the July 7, 1977 hearing, the Hearing Officer said:

Anyway, I have the discretion to authorize a complete or medical examination. I am not going to do it at this point, Mrs. Hillman, because your case will not in effect be closed until the final decision is made, but I am going to take this material to the Incapacity Review Unit, and I will be guided by their recommendation as to whether another exam should be authorized or whatever. I am not going to authorize it now, but your case will remain open until the final decision.

On July 20, 1977, the hearing officer entered a "Fair Hearing Decision" in which she recommended that the appeal be upheld. This decision was not submitted to the Fair Hearing Review Committee nor to the HSSD Executive Director.

On November 14, 1977, the Hearing Officer wrote to Hillman's attorney:

Based on the evidence presented at the hearing which took place on July 7, 1977 the appeal is hereby denied. The reason for this action is set forth on the attached summary sheet. [Emphasis added.]

I do not know what "the attached summary sheet" is. In the record following the above letter is "Fair Hearing Decision," dated October 28, 1977, in which the HSSD Executive Director, based upon the recommendation of the Hearing Officer and Fair Hearing Review Committee decided the case in favor of the Agency.

In this "Fair Hearing Decision," the "supplemental" conclusions of the Hearing Officer were that Ms. Hillman refused to undergo the examination recommended and authorized by IRU which would establish where she is now disabled. Because Ms. Hillman refuses to cooperate in the establishment of eligibility, presumptive ineligibility exists and termination of assistance by the County Office must now be considered a correct action.

It does not require judicial wisdom to conclude that the denial of Ms. Hillman's appeal was "Not" based on the evidence presented at the hearing which took place on July 7, 1977.

Unfortunately, administrative agencies oftimes are not learned in "Fair Hearings" to arrived at "Fair Hearing Decisions." The hearing of July 7, 1977 remained open until the Incapacity Review Unit made its recommendations. This hearing should have continued at a later date in which additional evidence would be presented on all material issues. Then a final decision could be rendered based upon the evidence. The hearing not having been concluded, the "Fair Hearing Decision" entered was premature, ineffective and void.

In my opinion, the decision entered should be vacated and further evidence taken, after which, a final decision can be entered from which an appeal can be taken.