737 P.2d 82

Gene W. WEBB and Jo Beth Webb, his wife; Richard P. Gelasco and Dorothy B. Gelasco, his wife; and John Mottinger and Molly Mottinger, his wife, Plaintiffs-Appellants,

v.

Jack R. FOX, Larry G. Fields, Keenan Wallace, and David Fields, partners in F & W Enterprises, a New Mexico partnership; Santa Teresa Country Club, Inc., a New Mexico corporation; and C.L. Crowder Investment Company, a New Mexico corporation, Defendants,

and

Fernando Macias, Salvador Gonzales, Ray Luchini, Jamie Stull, and Peter Cooper of the Dona Ana County Board of County Commissioners, Defendants-Appellees.

No. 8692.

Court of Appeals of New Mexico.

March 24, 1987.

Beverly J. Singleman, Martin, Cresswell, Hubert & Hernandez, P.A., Las Cruces, for plaintiffs-appellants.

Keith S. Burn, Law Offices of Keith S. Burn, P.A., Las Cruces, for defendants Fox, Fields and Wallace.

Douglas R. Driggers, Dist. Atty., Patrick A. Fort, Asst. Dist. Atty., Las Cruces, for defendants-appellees.

## OPINION

FRUMAN, Judge.

Plaintiffs appeal from the trial court's dismissal of their petition for certiorari from the decision of the Dona Ana County Board of County Commissioners to grant a special use permit to F & W Enterprises. The board is the only party-defendant in this appeal. The issues raised by plaintiffs are: (1) whether F & W Enterprises is an "aggrieved person" under NMSA 1978, Section 3–21–8(B) (Repl.1985); (2) whether the decision of the board was beyond the scope of its authority and arbitrary and capricious; and (3) whether an ex parte communication between a board member and F & W Enterprises, as well as a property view by that member, violated plaintiffs' right to a fair and impartial hearing before the board. Because we reverse on the basis of the first issue, the remaining issues need not be decided.

## BACKGROUND

Plaintiffs are owners of residential property. Near their property is an approximately eleven-acre tract of land owned by C.L. Crowder Investment Company. F & W Enterprises intended to purchase this eleven-acre tract in its entirety and develop it in three phases. For the first phase, storage lockers and recreational vehicle parking spaces were to be built on three of the eleven acres.

Pursuant to a zoning ordinance, F & W Enterprises applied to the Dona Ana County Planning Commission on December 28, 1983, for a special use permit to implement phase one. Following notice and a hearing, the planning commission denied the application on January 24, 1984. F & W Enterprises then appealed that denial to the Dona Ana County Board of Zoning Appeals. The board held its first hearing on March 7, 1984. After hearing statements and receiving exhibits from plaintiffs, F & W Enterprises and others, the board tabled the appeal to review the material presented and to permit an on-site view by those board members who desired to do so.

The board reconvened on March 21, 1984, received additional testimony and exhibits and considered an alternative site within the tract for phase one. It then reversed the decision of the planning commission and granted a special use permit to F & W Enterprises for phase one at the alternative site, even though it entered a finding of fact that the tract was owned by C.L. Crowder Investment Company.

In their amended petition for certiorari to the district court, plaintiffs alleged that C.L. Crowder Investment Company was selling the eleven-acre tract to F & W Enterprises but that the sale had not been consummated as of the January 1984 planning commission hearing. In its answer, F & W Enterprises admitted these allegations and added that it purchased the eleven-acre tract for C.L. Crowder Investment Company on March 22, 1984. This date of purchase is one day after the date of the board of appeals' final decision to grant the special use permit.

Plaintiffs did not allege in their petition that Section 3–21–8(B) permits only an "aggrieved person" to appeal a decision of the planning commission, nor did they allege that F & W Enterprises was not an "aggrieved person." However, plaintiffs did argue the issue to the district court, but the district court's judgment did not contain a ruling on this issue.

## DISCUSSION

Plaintiffs contend that the board of appeals lacked jurisdiction to entertain the

appeal of F & W Enterprises since F & W Enterprises was not an "aggrieved person" who had standing to appeal under Section 3–21–8(B). This statute and the zoning ordinance do not provide a definition of an "aggrieved person."

In the event an applicant for a special use permit is not the owner of record of the property at issue, the zoning ordinance requires that the owner attest in writing to the proposed use statement made by the applicant. Such an attestation is not present in this case. The ordinance also permits an appeal from the planning commission's decision to the board of appeals "by any person aggrieved * * * or affected" and also "by the applicant or by any other interested party."

■ The board makes several arguments to convince us that F & W Enterprises is an "aggrieved person." First, the board contends that the issue was not preserved for consideration on appeal because it was not raised by plaintiffs before the board and was not specified in their petition for certiorari. We answer this contention by first noting that jurisdictional issues may be raised at any time during the pendency of a proceeding. *See Sims v. Mechem*, 72 N.M. 186, 382 P.2d 183 (1963); *State v. Doe*, 91 N.M. 356, 573 P.2d 1211 (Ct.App. 1977). Secondly, since Section 3–21–8(B) provides for appeal by an "aggrieved person," the question of whether F & W Enterprises has such standing is a jurisdictional question. *Cf. St. Sauver v. New Mexico Peterbilt, Inc.*, 101 N.M. 84, 678 P.2d 712 (Ct.App.1984). Thus, this issue is properly before us.

The meaning of an "aggrieved person" as it applies to an applicant for a zoning permit in the context of Section 3–21–8(B) has not been judicially defined. *Cf. Citizens for Los Alamos, Inc. v. Incorporated County of Los Alamos*, 104 N.M. 571, 725 P.2d 250 (1986) (protesting corporation that was not duly organized at time of zoning decision was not an "aggrieved person" under NMSA 1978, Section 3–21–9 (Repl. 1985), and thus lacked standing to appeal to district court pursuant to that section).

■ Upon condensing their arguments, we find general agreement between the parties that a zoning applicant who possesses a recognizable right or interest in the property is an aggrieved person with standing to appeal. For example, prospective purchasers under executed contracts to purchase have such standing. *See, e.g., Shulman v. Zoning Bd. of Appeals*, 154 Conn. 426, 226 A.2d 380 (1967); *Fail v. LaPorte County Bd. of Zoning Appeals*, 171 Ind.App. 192, 355 N.E.2d 455 (1976); *Humble Oil & Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E.2d 129 (1974). Standing also exists where the purchase contract is conditioned upon the grant of the zoning request. *See, e.g., Arant v. Board of Adjustment*, 271 Ala. 600, 126 So.2d 100 (1960); *Babitzke v. Village of Harvester*, 32 Ill.App.2d 289, 177 N.E.2d 644 (1961); *Silverco, Inc. v. Zoning Bd. of Adjustment & Dep't of Licenses & Inspection*, 379 Pa. 497, 109 A.2d 147 (1954). *See also* Annot., 89 A.L.R.2d 663 (1963).

These views are consistent with our holding in *St. Sauver v. New Mexico Peterbilt, Inc.*, that "[t]o be aggrieved, a party must have a personal or pecuniary interest or property right adversely affected by the judgment." 101 N.M. at 85–86, 678 P.2d at 713–714. The party's interest must be an immediate, pecuniary and substantial consequence of the judgment, not merely nominal or remote. *Id.* An "aggrieved party" has also been defined as "[o]ne whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment." *Black's Law Dictionary* 60 (5th ed. 1979). Section 3–21–8(B) requires that the aggrieved person be "affected by a decision" of the zoning agency. Accordingly, we apply these views to the facts of this case and require a showing that at the time of the planning commission's decision, applicant F & W Enterprises had a legally recognizable right or interest adversely affected by that decision.

■ In this context, the board agrees that the owner of the property, C.L. Crowder Investment Company, did not sign the

application as required by the zoning ordinance. However, the board argues that since counsel for the owner stated at one hearing that the owner did support the application, this is sufficient to have the applicant meet the standing test. Since the owner did not join in the application, and since the board is bound by the requirements of its own ordinance, *see, e.g., Hillman v. Health & Social Services Dep't*, 92 N.M. 480, 590 P.2d 179 (Ct.App.1979); *Martinez v. Health & Social Services Dep't*, 90 N.M. 345, 563 P.2d 608 (Ct.App.1977), we cannot agree that the owner's verbal support was sufficient to grant F & W Enterprises standing in this case. *Cf., e.g., Welch v. City of Nashua*, 108 N.H. 92, 227 A.2d 600 (1967); *Dunham v. Zoning Bd.*, 68 R.I. 88, 26 A.2d 614 (1942); *Hickerson v. Flannery*, 42 Tenn.App. 329, 302 S.W.2d 508 (1956).

■ The board also argues that F & W Enterprises impliedly or apparently had an equitable interest or title to the property by virtue of its application and thus had standing. To bolster its argument, the board refers to an unsigned, undated and unexecuted warranty deed granting the property to the applicant. We do not view the record as supporting this proposition and, as the board has not cited authority for this contention, we will not give it further consideration. *See In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984).

Lastly, the board argues that since its zoning ordinance permits an appeal from the planning commission's decision by the applicant, and since F & W Enterprises was the applicant, F & W Enterprises is an "aggrieved person." As we have previously established the parameters of an "aggrieved person" under Section 3–21–8(B) as that term applies in this case, we cannot endow a broader meaning into the zoning ordinance. *Cf. Burroughs v. Board of County Comm'rs*, 88 N.M. 303, 540 P.2d 233 (1975).

## CONCLUSION

The trial court did not rule on the disputed question as to whether F & W Enterprises is an "aggrieved person" under Section 3–21–8(B). On the basis of the record before us, F & W Enterprises has failed to establish that it had either a legal or an equitable interest in the eleven-acre tract at any time during the pendency of its zoning application. Thus, F & W Enterprises has failed to establish that it had standing to apply for the special permit or that it was an "aggrieved person" who could appeal from the decision of the planning commission to the board.

For these reasons, we reverse the judgment of the trial court on the petition for certiorari and order that it enter a new judgment reversing the decision of the board, sitting as a board of zoning appeals, and affirming the decision of the planning commission. Plaintiffs' request for oral argument is deemed unnecessary and, therefore, is denied.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.