496 P.2d 1099

Joaquin BACA, Appellant,

v.

NEW MEXICO HEALTH AND SOCIAL SERVICES DEPARTMENT, Appellee.

No. 780.

Court of Appeals of New Mexico.

March 24, 1972.

Rehearing Denied April 11, 1972.

Certiorari Denied May 4, 1972.

Michael B. Browde, Charles T. DuMars, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Robert J. Laughlin, Agency Asst. Atty. Gen., Health & Social Services Dept., for appellee.

## OPINION

HENDLEY, Judge.

Baca appeals the denial of Old Age Assistance. He is seventy years of age and has " * * * excessive medical needs due to a heart block which requires that Mr. Baca use a pacemaker." It is undisputed that without medical care Baca will die.

Prior to June 1, 1971, Baca received monthly Social Security benefits in the amount of $105.80. The Department had determined his monthly needs to be $116.00 and accordingly, paid Baca $10.20. In addition, Baca was eligible for the State's Medicaid program which paid his Medicare premiums and the 20% of his medical expenses not covered by Medicare insurance. We were informed at oral argument that eligibility for Department assistance in connection with the Medicaid program is based on eligibility for Old Age Assistance.

On June 1, 1971, Social Security benefits were increased by 10% which gave Baca monthly Social Security benefits of $116.40. Baca was notified by the Department of a termination of his Old Age Assistance benefits. A termination would mean that in order to continue his medical treatment Baca would have to pay the $5.60 Medicare insurance premiums and the 20% excess not covered by the insurance. Both items had been previously paid for by the Department. Old Age Assistance was terminated after hearing and review by the Appeals Review Committee. The termination was based on Findings of Fact of (1) need of $116.00; (2) Social Security benefits of $116.40; and, (3) no deficit since income is greater than need.

The Department regulations applicable to this appeal are as follows:

*Regulation 231.8: Need:*

"The determination of whether eligibility exists on the condition of need is the basic and most important single consideration in establishing eligibility for financial assistance. All resources of a person who requests financial assistance, or on behalf of whom financial assistance is requested, must be considered in determining eligibility on the condition of need. The law requires, and it is the objective of the financial assistance programs of the department, that the money payment that a person receives from the department, taken together with all other resources, shall be sufficient to provide a standard of living compatible with decency and health. * * *"

*Regulation 231.81: Definitions:*

"A. 'Requirements' are the total of the budgetary items allowable under the circumstances of the client's situation, and at the amount fixed by these regulations. Requirements consists of:

"1. 'basic requirements,' which are food, clothing, and personal requirements of one individual within the budget group, and one individual's share of the household supplied;

"2. 'common requirements,' which are shelter, fuel and utilities; and

"3. 'additional requirements,' which include such special items as room and board, and sheltered home care.

"B. 'Resources' includes income, income-producing items, and non-income producing items owned or available to meet the client's requirements. * * *"

*Regulation 231.82: Standards for Requirements:*

"Standards for requirements are established by the department for the purpose of (1) providing a measure of uniformity in determining the need of applicants for and recipients of financial assistance; (2) assuring that needs will be met with reasonable adequacy. * * *"

*Regulation 231.83: Standards for Resources:*

"The first step in the determination of the eligibility condition of *need* was determination of the cost of providing for current requirements of the client on a basis that represented a reasonable subsistence. (Section 231.82). The next step is ascertaining the value of resources. The resources presently available and the resources potentially available to a client are important considerations in determining to what extent an individual is or may become self-maintaining. Financial assistance payments are only *supplementations* necessary when resources fall short of requirements. Resources should be considered from the standpoint of their maximum utilization in the interest of the client's welfare. The expenses associated with the use of possession of a resource must be considered as well as the benefit or value of the resource to the client."

The issue is whether there is substantial evidence to support the finding that Baca has income greater than his need. See § 13–1–18.1(D) (2), N.M.S.A. 1953 (Repl. Vol.1968, Supp.1971). We hold he does not.

 Section 13–1–11, N.M.S.A. 1953 (Repl.Vol.1968) sets forth the basic philosophy of the Public Welfare Act. It states:

"Public assistance shall be granted under this act to any needy person who: (a) Has not sufficient income or other resources to provide a reasonable subsistence compatible with decency and health. * * *"

Compare Contreras v. New Mexico Health and Social Services Department, (Ct.App.) No. 752, decided February 25, 1972. Regulation 231.8 requires all resources to be considered in determining eligibility on the condition of need. Regulation 231.81(B) defines resources to include income "owned or available to meet the client's requirements." Regulation 231.83 refers to resources "presently available" in determining whether an individual is self maintaining. Compare these regulations with 45 C.F.R. 233.20(a) (3) (ii) (c) which states that in establishing financial eligibility "only such net income as is actually available for current use on a regular basis will be considered, and only currently available resources will be considered. * * *" See Sections 13–1–9 and 13–1–43, N.M.S.A. 1953 (Repl.Vol.1968). Under the State regulations, resources which are not in fact available to meet current needs are not to be considered in determining eligibility for public assistance.

 Current needs prior to the Social Security benefits increase were established at $116.00. Additionally the Department paid the Medicare insurance premiums and the 20% not covered by insurance. The Department had determined Baca needed $56.00 per month for the common requirement and utilities (Regulation 231.81(A) (2) and $60.00 per month is allotted for the basic requirements (Regulation 231.81(A) (1), thus making a total of $116.00 for " * * * subsistence compatible with decency and health." However, in order to subsist (live) he must continue his medical treatment. The cost of the premium reduces his available resources below his determined need. Baca does not in fact have "resources available" to meet his monthly needs as determined by the Department. Regulation 231.83; Regulation 231.81(B).

The decision of the Department not being supported by substantial evidence (Contreras v. New Mexico Health and Social Services Department, supra) this cause is reversed and remanded for proceedings not inconsistent herewith.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.