499 P.2d 376

Elfego TRUJILLO, Appellant,

v.

HEALTH & SOCIAL SERVICES DEPART-MENT of the State of New Mexico, Appellee.

No. 877.

Court of Appeals of New Mexico.

June 30, 1972.

Gary J. Martone, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James G. Huber, Robert J. Laughlin, Agency Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Trujillo began having "seizures" on a regular basis and became unable to work because of this illness. His application for welfare assistance was denied because his car was valued at $1050.00 The regulation applied in denying assistance provides that the value of motor vehicles used for transportation "may not exceed $750.00." HSS Regulation 231.832(B) (2). This literal application of the regulation was erroneous under the undisputed evidence in this case.

Although the car had a value of $1050.00, and thus $300.00 in excess of the $750.00 value limitation, the undisputed evidence is that Trujillo owes "about $2,000.00 and some" on the car. How can it be said that Trujillo has a value in the car, which is available to meet his current requirements and remove his need for assistance, when it is undisputed that what is owed on the car exceeds its value?

Regulation 231.832(B) (2) must be read in conjunction with other regulations of the Department. All resources are to be considered in determining eligibility for assistance based on need. Regulation 231.8. "Resources" includes non-income producing items owned or available to meet the applicant's requirements. Regulation 231.81(B). Resources presently available and resources potentially available are important considerations. Regulation 231.83.

Regulation 231.831, entitled "General Policies," states in Paragraph C:

"C. *Availability*—Usually, the ownership or possession of resources will not in itself make the client ineligible on the factor of need *unless income or maintenance is in fact available and forthcoming from the resource*. However, there are many exceptions to this general rule. These exceptions appear under the provisions of the following sections. * * *" (Our emphasis)

Thus, under the Department's general policy, income or maintenance must be in fact available from the "resource" to make the applicant ineligible for assistance. Among the exceptions to this general policy is the provision involved here, Regulation 231.832(B) (2) which, with exceptions not here involved, limits the value of motor vehicles used for transportation to $750.00.

However, Regulation 231.832(C) (15) contemplates that an applicant might transfer property in order to become eligible. Here, the caseworker suggested Trujillo trade "down to a cheaper car." If Trujillo had traded his present car for one of less value, under Regulation 231.832 (C) (15), he would have been required to account for the proceeds of the trade. "* * * A substantial accounting for the proceeds that would be acceptable includes use of the proceeds for payments of legally enforceable debts. * * *"

If Trujillo traded his $1050.00 car for a car with less value, he would be eligible for assistance by applying the proceeds on the existing indebtedness. Such a procedure would produce nothing to be applied against Trujillo's needs. Such a procedure, in our opinion, elevates form over substance when the undisputed fact is that the indebtedness on the car exceeds its value.

In Baca v. New Mexico Health and Social Services Dept., 83 N.M. 703, 496 P. 2d 1099 (Ct.App.1972), this Court stated: "* * * Under the State regulations, resources which are not in fact available to meet current needs are not to be considered in determining eligibility for public assistance." We apply *Baca* to this case and hold that Regulation 231.832(B) (2) was erroneously held to be controlling. The undisputed facts show Trujillo's car was not a resource available to meet Trujillo's current requirements because of the amount owed on the car. Regulation 231.-832(B) (2) must be read in the light of the undisputed facts and the policy stated

in Regulation 231.831(C). Compare Town of Winchester v. Town of Burlington, 128 Conn. 185, 21 A.2d 371 (1941); County of Lander v. Board of Trustees of Elko Gen. Hosp., 81 Nev. 354, 403 P.2d 659 (1965).

The order of the Department is reversed and the cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.