500 P.2d 197

**Lulu HACEESA et al., Appellants,**

**v.**

**Richard W. HEIM, Executive Director, State of New Mexico Health and Social Services Department, et al., Appellees.**

**Nos. 811, 841, 847, 848, 849, 862.**

Court of Appeals of New Mexico.

July 7, 1972.

James Wechsler, Paul Biderman, Crownpoint, John Gascoyne, Shiprock, for appellants.

David L. Norvell, Atty. Gen., Robert J. Laughlin, James G. Huber, Agency Asst. Attys. Gen., Santa Fe, for appellees.

## OPINION

HENDLEY, Judge.

Appellants appeal an adverse ruling of appellee which reduced their Aid to Families with Dependent Children (AFDC) benefits. The factual and legal issues are the same in each case and have been consolidated for appeal.

Appellants' children were budgeted for AFDC benefits, including a clothing allowance. When the children went to a boarding school the benefits for the children were terminated except for the clothing allowance. The children were encouraged to return home for weekends and holidays by the boarding school authorities. Food and shelter were provided by the boarding school at no cost. If desired, this would be furnished 24 hours a day seven days a week, "except for the mandatory times when the parents were required to take the children home such as Christmas."

The department's regulation Regulation 221.821(C) states:

"A child attending school away from home is included in the family budget group and budgeted full basic requirements unless board and room is provided at no cost for the child in which case only his unmet need of clothing will be budgeted in the standard amount of $8.-00."

It is appellee's position that since board and room is provided at no cost, appellants are precluded from receiving benefits for the weekends and holidays when the children are home. Appellee bases its position on the fact that appellants have a freedom of choice where to live and where to send their children to school and the fact they choose to live in remote areas far from schools "is of their own making."

Appellee also contends that since the boarding school will provide free board and room for 24 hours a day, seven days a week that this is a resource "available for current use on a regular basis" and must be considered in budgeting benefits. Baca v. New Mexico Health and Social Services Department, 83 N.M. 703, 496 P.2d 1099 (Ct.App.1972).

The purposes of AFDC are to strengthen family life. Regulation 220.2. One of those purposes would be to promote family solidarity. See Congressional policy stated in 42 U.S.C. § 601 (1935). Appellee misconstrues the meaning of Regulation 221.821(C). The regulation is to be construed so as to effectuate the manifest object of promoting family solidarity. Compare Tijerina v. Baker, 78 N.M. 770, 438 P.2d 514 (1968); Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965). The regulation applies only when a child is attending school away from home and board and room are provided at no cost. It does not read that a child must stay away from home when board and room are available at no cost. Nor does it preclude a child from coming home on weekends and holidays. The "resources" are "available" only when the child is actually present at the school away from home and board and room are provided at no cost. To keep the family from being financially able to have the child home on weekends and holidays would not be consistent with purposes as set forth above.

We are not impressed with appellee's argument of the difficulty of administration of the individual program when having to compute a pro rata monthly benefit. Difficulty of administration is not a sufficient reason for denial of benefits. To follow appellee's reasoning would be to elevate form over substance. Trujillo v. Health & Social Services Department, 84 N.M. 58, 499 P.2d 376 (Ct.App. No. 877, decided June 30, 1972).

We reverse the decision of appellee and remand with instructions to grant AFDC benefits for the periods of time when the

child is living at home and is not attending school away from home where room and board are provided at no cost.

Reversed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.