500 P.2d 416

Peter BENALLY, Appellant,

v.

Richard W. HEIM, Executive Director, State
of New Mexico Health & Social Services
Department, et al., Appellees.

No. 899.

Court of Appeals of New Mexico.

Aug. 4, 1972.

John P. Gascoyne, Richard W. Hughes,
Richard P. Fahey, Shiprock, for appellant.

David L. Norvell, Atty. Gen., James G.
Huber, Agency Asst. Atty. Gen., Santa Fe,
for appellees.

OPINION

WOOD, Chief Judge.

Benally received welfare assistance un-
der two categories—Aid to the Disabled
and Aid to Families with Dependent Chil-
dren. After a hearing, HSS (Health and
Social Services Department) terminated
this assistance. Benally appeals. The rea-
son shown for termination was that the
value of a pick-up exceeded $1200.00.
HSS regulations 221.832 and 231.832 place
a maximum value of $1200.00 on the total
personal property owned by a recipient.
Value above this amount is considered to
be available to meet the needs of the recip-
ient if it is transferable.

The pick-up involved is a 1972
model, purchased new in December 1971.
Benally contends the value of the pick-up
is not available to meet his needs because
the pick-up is not transferable. He relies
on the provision in the above cited regula-
tions which states: ". . . Property will
be considered transferable unless the na-
ture of the property owned or an express
condition of the ownership prohibits its
transfer. . . ." He asserts the security
agreement entered in connection with the
purchase of the pick-up prevents its trans-
fer. The security agreement is not a part
of the record and there is nothing in the

record indicating a prohibition on transfer of the pick-up. Our review is limited to the record. Section 13–1–18.1, N.M.S.A. 1953 (Repl.Vol. 3, Supp.1971). Accordingly, we have no basis for answering this contention.

In concluding that the pick-up had a value in excess of $1200.00, HSS also concluded that the pick-up was ". . . owned by Mr. Benally, jointly with his son. . ." The evidence as to joint ownership is conflicting. Double hearsay of the supervisor (the supervisor said that the case-worker said that Benally said) is to the effect that Benally is the sole owner of the pick-up. Benally testified the pick-up is owned by his son. The registration certificate and the son's testimony is, however, substantial evidence that the pick-up is owned jointly by Benally and the son.

HSS did not determine either the extent or the nature of the joint ownership. See Graham v. Allen, 11 Ariz.App. 207, 463 P. 2d 102 (1970). Benally contends any value in the pick-up attributable to him can be no more than one-half of the pick-up's value. HSS, relying on selected items of evidence, argues the entire value of the pick-up should be attributed to Benally. The HSS' position on appeal ignores the fact that it (HSS) determined there was joint ownership and that this determination has evidentiary support and is not challenged in the appeal. It is not necessary to decide the effect to be given the determination of joint ownership; we decide the appeal on the evidence as to value and under the assumption the entire value could be attributed to Benally.

■ We mention one additional matter before discussing the value question. The parties are in agreement there was a down-payment on the pick-up of $1050.06. They disagree, and the evidence is conflicting, as to whether Benally made the entire payment or whether the son paid all but $500.00 of it. Whatever the amount paid by Benally, the funds for Benally's payment came from a ". . . retro-active payment from Social Security. . . ." HSS asserts that he should have used this money for his living requirements instead of applying the money on the purchase of a pick-up. HSS did not discontinue assistance on this theory, no such theory was presented at the hearing, and has not been briefed in the appeal. This theory appeared for the first time at oral argument. It is not properly before us, and will not be considered. Musgrove v. Dept. of Health and Social Services (Ct.App.) 84 N.M. 89, 499 P.2d 1011, decided July 14, 1972.

The question of value was argued in connection with the $1200.00 total personal property limitation referred to above. It was also argued in connection with the limitation, in the above cited regulations, of $750.00 for motor vehicles used for transportation. See Trujillo v. H.S.S. Department (Ct.App.), 84 N.M. 58, 499 P.2d 376, decided June 30, 1972. Under either limitation (the $1200 or $750), Benally's assistance was improperly terminated under HSS regulations unless some value in excess of the monetary limitations was available to Benally to meet his living requirements. Trujillo v. H.S.S. Department, supra. Whether such value exists depends on the value of the pick-up and the indebtedness on the pick-up. See *Trujillo,* supra.

The findings of fact made by HSS set forth monetary amounts that have no support in the record unless a document marked "E" is utilized. This document purports to be the first page of the purchase contract covering the pick-up. This document was not authenticated at the hearing; it was not even identified. Neither party objects to consideration of this unidentified and unauthenticated document; rather, both parties rely on it. We consider it, but only because neither party objects to its use.

■ Document "E" shows that after the down-payment was applied, there was a balance owed of $3669.48. This balance

includes insurance and finance charges. Deducting these two charges, as HSS would have us do, the balance owed is reduced to $2670.00. HSS argues that we should add this reduced balance to the down-payment and arrive at a value of the pick-up. This procedure, of course, arrives at a cash purchase price of $3420.06. In urging this procedure, HSS asks us to violate its own regulation which states: ". . . 'Value' is the current wholesale book value as listed in a recognized current compilation of motor vehicle values (NADA). . . ." In urging this procedure, HSS also asks us to treat the retail cash purchase price as "wholesale" value. We decline to do so because this suggested procedure departs from the theory relied on by HSS at the hearing. At the hearing, HSS proceeded on the basis of its regulation and a wholesale book value shown in a NADA compilation. HSS may not change its theory on appeal. Musgrove v. H.S.S. Department, supra; Board of Education v. State Board of Education, 79 N. M. 332, 443 P.2d 502 (Ct.App.1968).

There is no support in the record for a whoelsale book value as shown in a NADA compilation unless we consider a writing appearing on a document marked "D." This writing, as in the case with document "E" is neither authenticated nor identified. We consider it, but only because neither party objects to its use. This writing does not refer to a *1972* pick-up; it refers to a *1971* pick-up. Nevertheless, we assume this is evidence that Benally's 1972 pick-up had the value, shown by the writing, of $2550.00. Such an assumption is consistent with Benally's stipulation, in his Brief-in-Chief, that the value exceeded $2400.00.

Thus, having found evidence of value, we consider the amount of the indebtedness. Utilizing the figure most favorable to HSS, we have an indebtedness of $2670.00—a figure exceeding the only evidence of value under the definition of value in HSS regulations. The result here, as in Trujillo v. H.S.S. Department, supra, is there is no substantial evidence that Benally had any value in the pick-up which is available to meet his living requirements. Section 13–1–18.1, supra.

The decision of HSS is reversed. The cause is remanded to HSS for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY and COWAN JJ., concur.