501 P.2d 697

### John R. COLAQUE, Appellant,

v.

### The DEPARTMENT OF HEALTH AND SOCIAL SERVICES of the State of New Mexico, Appellee.

### No. 907.

Court of Appeals of New Mexico.

Sept. 15, 1972.

William J. Torrington, Alameda, for appellant.

David L. Norvell, Atty. Gen., James G. Huber, Agency Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Colaque was recuperating from a hernia operation and was temporarily unable to work. He applied for welfare assistance under the category of Aid to Families with Dependent Children. He appeals from the denial of his application.

In determining whether Colaque had resources available to meet his current requirements, department regulation 221.-832(B)(2) was applied. That regulation sets a maximum value of $750.00 for motor vehicles used for transportation. Value of a motor vehicle in excess of $750.00 is not considered if the vehicle ". . . has been used in the past to earn a living by a now disabled client and will be necessary to return the client to a self-supporting status. . . ." In this situation the applicable maximum value is ". . . the overall $1200 limitation on personal property."

Colaque owned a pickup truck with a trade-in value of $1675.00. Although the decision of the department is ambiguous (it refers to both the $750.00 and $1200.00 limitation), the record at the hearing clearly shows that assistance was denied on the basis of the $1200.00 personal property limitation. The personal property involved was the pickup truck.

■ The record is undisputed that Colaque owes over $1000.00 on the pickup. To the extent of this indebtedness the pickup was not a resource available to meet Colaque's current requirements. Trujillo v. Health & Social Services Department, 84 N.M. 58, 499 P.2d 376 (Ct.App.1972); Baca v. New Mexico Health & Social Services Dept., 83 N.M. 703, 496 P.2d 1099 (Ct.App.1972); see LaFond v. Heim (Ct. App.), 84 N.M. 119, 500 P.2d 204, decided July 28, 1972.

■ Subtracting the indebtedness, the value of the pickup to be considered was $675.00. Denial of the application on the basis of regulation 221.832(B)(2) was erroneous. Accordingly, we need not consider other issues raised by Colaque.

The decision of the department is reversed. The cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

COWAN, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

This court is confronted with many cases in which applications for welfare assistance are denied. It seems wise to me for this court to decide all of the issues raised as a guide for the future.

Colaque contends the Chevrolet pickup was not only a transportation vehicle covered by H.S.S. Reg. 221.832(2), but it was a work vehicle mentioned in H.S.S. Reg. 221.832(B)(5). This section provides that where the applicant is temporarily ill and has used the vehicle in the past to earn a living and it will be necessary to return the client to a self-supporting status, the work vehicle will not be considered a resource available to meet requirements. The evidence supports Colaque's contention.