599 P.2d 398

**Stefani Celina ROBNETT, Appellant,**

v.

**NEW MEXICO DEPARTMENT OF HUMAN SERVICES INCOME SUPPORT DIVISION, Appellee.**

**No. 3914.**

Court of Appeals of New Mexico.

Aug. 14, 1979.

Timothy Meehan, Northern New Mexico Legal Services, Inc., Taos, for appellant.

Gordon L. Bergman, Asst. Atty. Gen., N. M. Dept. of Human Services, Santa Fe, for appellee.

OPINION

WALTERS, Judge.

Mrs. Robnett applied for benefits under the Aid to Families with Dependent Children program (AFDC), for herself and three of her children by a former marriage. The New Mexico Department of Human

Services, Income Support Division (the Department), denied her application on the ground that she owned surplus real property. Appellant challenges the state regulation upon which denial was made as being in conflict with federal statutes and regulations, thus violating the Supremacy Clause; and further suggests that the Department's decision was arbitrary, capricious, and an abuse of discretion. § 27–3–4, N.M.S.A. 1978.

The Department has promulgated regulations authorized by the Public Assistance Act, § 27–1–3 D, N.M.S.A.1978, for the determination of need. Regulation 221.-831B(2) is the regulation attacked by Mrs. Robnett as constitutionally unsound.

■ At the time of the hearing appellant and her present husband lived in Costilla where they owned a one-bedroom home. They had purchased several acres of undeveloped land in Questa, New Mexico, with a purchase price of approximately $16,333. The parties made the low down payment of $486, owing the balance. It was their intention to build a home large enough for themselves and their combined families of six children. They had not yet commenced construction on the Questa land, and had not made any of the installment payments on the purchase contract. The property, with the exception of one lot commonly purchased with two other families, was in the name of appellant's husband, but since it was purchased after their marriage it qualifies as community property. Section 40–3–3, N.M.S.A.1978; *Moore v. Moore*, 71 N.M. 495, 379 P.2d 784 (1963). Accordingly, Mrs. Robnett's interest in the property was equal to one-half of the equity, or approximately $243. *See Reed v. Nevins*, 77 N.M. 587, 425 P.2d 813 (1967).

The hearing officer's decision, approved by the Review Committee and the Division Director, is somewhat confusing, but reads as follows:

Since none of the conditions of ISD Manual Sec. 221.831B(2) were met, the County Office was correct in denying this AFDC application on the basis of ownership of surplus real property.

When the family moves to Questa, as is the plan the home in Costilla will be surplus property.

The findings of fact, however, indicate that the *Questa* property was considered to be the surplus real property.

The Department's Regulation 221.831B(2) provides:

2. *Surplus Real Property*—All real property and rights in real property owned by or available to the budget group, other than the home [occupied by the budget group] . . . are classified as surplus real property. If the budget group has surplus real property, the group is ineligible for AFDC, except as provided below under paragraphs a, b, and c.

a. If application for AFDC has been made on the basis of the temporary illness or incapacity of a parent, ownership of surplus real property does not result in ineligibility for assistance if:

(1) The property has been a source of income and the use of the property has been interrupted primarily because of the parent's illness; and

(2) The property will be necessary to return the parent to a self-supporting status; and

(3) It is reasonable to expect the parent to be able to use this property to become self-supporting within a year from the date of the application.

b. If the surplus real property is producing income consistent with its fair market value, the ownership of the surplus real property does not effect eligibility. . . .

To determine if property is producing income consistent with its fair market value, the worker may contact local realtors, the local tax assessor, the Small Business Administration, other knowledgeable sources to determine the prevailing rate of return for similar real property in the area.

c. If the surplus property is not producing income consistent with its fair market value and the conditions outlined

in (a) above are not met, eligibility on the condition of need will exist only if the client takes immediate steps to utilize the property in a manner that will produce benefits to meet his requirements and which benefit income would be consistent with the fair market value, or otherwise arrange for productive use of it to yield a return consistent with its fair market value and to make persistent and continued efforts toward its utilization. If the property cannot be utilized to produce income, then a bona fide effort must be made to sell this property.

Eligibility determined to exist in this circumstance will continue for a period of three months following the date of approval for assistance or for three months after a determination has been made that surplus real property exists. After expiration of this time period, a redetermination of eligibility on this factor must be made.

We do not reach appellant's claim of conflict between state and federal regulations, because our reading of the challenged regulation convinces us that the Department ignored its provisions.

The evidence is undisputed that if the applicants sold the property being purchased, they would net absolutely nothing from the sale; that in its current condition the land could not be leased or rented; that arrangements to clear a portion of the land in order to build a house had been delayed. This evidence shows that, at the time of the hearing, the property could not be utilized to produce income and a sale of the property would produce no income.

Moreover, subparagraph (c) requires the Department to grant benefits for a three-month period, after which time applicant's eligibility with respect to the surplus property factor is to be redetermined.

Under the regulation itself, and in view of the undisputed facts, the Department's decision to deny AFDC benefits has no support in the record. *Baca v. New Mexico Health and Social Services Dept.*, 83 N.M. 703, 496 P.2d 1099 (Ct.App.1972); § 27–3–4(F)(2), N.M.S.A.1978.

The denial of benefits is reversed and this cause is remanded for the allowance of Mrs. Robnett's application accordingly.

IT IS SO ORDERED.

WOOD, C. J., and SUTIN, J., concur.