645 P.2d 454

**Debra L. FRAZIER, Plaintiff-Appellant,**

v.

**NEW MEXICO DEPARTMENT OF HUMAN SERVICES, Defendant-Appellee.**

**No. 5523.**

Court of Appeals of New Mexico.

April 27, 1982.

Steve H. Mazer, Albuquerque, for plaintiff-appellant.

Richard Shapiro, Dept. of Human Services, Santa Fe, for defendant-appellee.

## OPINION

NEAL, Judge.

Debra Frazier applied for benefits under the Aid to Families with Dependent Children program (AFDC) for herself and her three children. The New Mexico Department of Human Services, Income Support Division (Department), denied benefits holding that a real estate contract held by the plaintiff constituted negotiable, nonexempt personal property that exceeded the maximum allowable pursuant to § 221.831C 2(b) of the Income Support Division Manual. We reverse.

Plaintiff was awarded the family home after her divorce. She was unable to make the payments and filed a proceeding in Bankruptcy Court under Chapter 13 of the Bankruptcy Code. She was unable to make the payments under the Chapter 13 plan so the Bankruptcy Court allowed her to change to a Chapter 7 liquidating bankruptcy. When she could not make the payments under the Chapter 7 plan, the Bankruptcy Court forced her to sell her house. A buyer was found and a real estate contract was entered into; this is the contract involved here.

The real estate contract is for $8,045.00. There was evidence that a realtor had stated that the real estate contract would be valued at 40 or 50% of the market value. Based on this, the eligibility worker calculated the value of the contract at $3,320.00, (40% of $8,045.00 is actually $3,318.00).

Section 27–2–4, N.M.S.A.1978, states eligibility requirements. Pertinent here is § 27–2–4, subd. B, which provides that a person is eligible for grants under the Public Assistance Act if:

> B. Nonexempt specific and total resources are less than the level of maximum permissible resources established by the board [income support division of the human services department] * * *

Section 27–2–3, subd. B, N.M.S.A.1978, provides in pertinent part:

> B. Consistent with federal act, the board shall define by regulation exempt and nonexempt income and resources * *.

Pursuant to § 27–2–4, subd. B and § 27–2–3, subd. B the Department promulgated ISD regulation 221.831C 2(b), which was the basis for denial of benefits. The regulation provides:

> b. *Cash, bank accounts, and other readily negotiable assets*—The total value of cash, bank accounts, and other readily negotiable assets belonging to or available to members of the budget group may not exceed $750.

"Other readily negotiable assets" include stocks, bonds, negotiable notes, purchase contracts, and other similar assets. For purposes of financial assistance eligibility, the value of such assets is their current market value, which can be determined by contacting a local bank, savings and loan association, responsible real estate agent, stock or commodity broker, or other potential buyer of the asset as appropriate.

The real estate contract, valued at $3,320.00, was over the $750.00 limit, and benefits were denied. Plaintiff otherwise qualified for benefits.

■ To come within the ambit of the Department's regulation the real estate contract must be readily negotiable. There is no evidence in the record that this contract is readily negotiable. While we recog-

nize that administrative decisions are entitled to a presumption of correctness, the decision must be supported by substantial evidence. *New Mexico Human Services Dept. v. Garcia*, 94 N.M. 175, 608 P.2d 151 (1980).

At the fair hearing, requested by the plaintiff, the eligibility worker stated: "He [realtor] informed me that *if the contract could be sold*, then based on what he told me, he told me that the real estate contract could be sold at either 40 or 50% of the market value which I figured out and she had an income of $3,320.00 and that was over the $750.00." (Emphasis added.) This testimony does not establish that the contract was readily negotiable; it only assumes that it was readily negotiable.

The plaintiff introduced evidence that the real estate contract was not readily negotiable. There was evidence that she had unsuccessfully searched the market for someone to buy the discounted contract. There was also evidence that the current market rate, and the current interest rate, made a discounted real estate contract an undesirable investment at any figure.

■ It is not our duty to weigh evidence. However, where there is no evidence to support a finding, we cannot sustain it. On the record before us we find that the plaintiff produced evidence that the contract was not readily negotiable, and that the Department produced no evidence that the contract was readily negotiable. Since the contract was not readily negotiable, it cannot be included in determining eligibility under § 221.831C 2(b); the contract is not nonexempt personal property.

We do not reach plaintiff's claim of conflict between state and federal law because we hold that the Department did not properly follow its own regulation. *See Robnett v. N.M. Dept. of Human Services, etc.*, 93 N.M. 245, 599 P.2d 398 (Ct.App.1979).

The denial of benefits is reversed, and this cause is remanded for the allowance of plaintiff's application.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.