653 P.2d 1224

**Roxanne RUSSELL, Appellant,**

v.

**NEW MEXICO HUMAN SERVICES DEPARTMENT, INCOME SUPPORT DIVISION, Appellee.**

No. 5668.

Court of Appeals of New Mexico.

Oct. 19, 1982.

Rehearing Denied Nov. 5, 1982.

Sue B. McDowell, Northern New Mexico Legal Services, Inc., Taos, for appellant.

Jeff Bingaman, Atty. Gen., Richard N. Shapiro, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Human Services Department (hereinafter Department) terminated appellant's A.F. D.C. and food stamp benefits beginning January 1, 1982, because of excess income and resources. After a hearing, an administrative decision affirmed the termination of appellant's benefits. She appeals that decision.

Appellant's two older children financially assisted her beginning in 1976. They made the payments on her house in Fulton, Missouri, for at least one year. The mortgage on the house was about to be foreclosed. She promised to pay them back. In September of 1981 the house was sold. Appellant received $1,731.94 as a down payment which she turned over to her daughter. The $200.00 a month payments from the sale of the house go into an account in the children's names. Appellant does not receive the money.

The regulations applied in denying appellant's benefits provide that to be eligible for benefits on the basis of need, the budget group must take appropriate steps to avail itself of any "property resources" (DHS Reg. 221.831) or "income resource" (DHS Reg. 221.832) to which the group is entitled. Those regulations state in part:

> **221.831—PROPERTY RESOURCES**—Property resources are all possessions with the exception of goods and cash received in the current month.
>
> A. *Availability of Real and Personal Property Resources*—In determining whether the budget group is eligible for AFDC on the condition of need, property belonging to members of the household is considered available to the budget group in the amounts specified below. * * *. In addition, to be eligible for AFDC on the condition of need, the budget group must take appropriate steps to avail itself of any property resources to which the group is potentially entitled.
>
> \*   \*   \*   \*   \*   \*
>
> **221.832—INCOME**
>
> \*   \*   \*   \*   \*   \*
>
> A. *Availability of Income*—In determining whether the budget group is eligi-

ble for AFDC on the condition of need, income currently received by members of the household is considered available to the budget group in the amounts specified below. * * *

The budget group must take appropriate steps to avail itself of any income resources to which the group is potentially entitled. * * *

The Department argues that benefits were properly terminated based on the fact that the sale of a house produced "actually" and "currently" available income in the form of a $1,731.94 down payment and monthly payments of $200.00 for five years.

The Department found that appellant owed a valid debt to her two older children. In their answer brief the Department agrees that appellant had, in effect, transferred ownership of her home in Fulton to her two older children prior to moving to New Mexico and applying for benefits. The Department asserts that under *Randall v. Goldmark,* 495 F.2d 356 (1st Cir.1974), the proceeds from the house sale must still be considered actually and currently available because they are in fact being used to defray the debt.

Assuming, without deciding, that *Randall* is controlling in this case, the result the Department desires is not forthcoming. *Randall* states, "to qualify as a currently available resource under the Act and regulation, it need only be shown that regular payments made by third parties directly benefit an AFDC recipient in such a manner that they are actually used to defray expenses which such recipient would otherwise incur." This is not our case. If the debt was valid and the house was transferred to pay the debt, the house itself was used to pay the debt, not the proceeds from the sale of the house. In short, appellant has no claim, nor does she assert any, to the money from the sale. It is not a resource which is "actually" and "currently" available to her.

In *Baca v. New Mexico Health & Social Services Dept.,* 83 N.M. 703, 496 P.2d 1099

(Ct.App.1972), this Court stated, "resources which are not in fact available to meet current needs are not to be considered in determining eligibility for public assistance." *See also, Trujillo v. Health & Social Services Department,* 84 N.M. 58, 499 P.2d 376 (Ct.App.1972).

Accordingly, we find that appellant did not have access to excess income or resources, and that denial of her benefits based on such was in error. The decision of the Department is reversed and the cause is remanded for reinstatement of benefits.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.