666 P.2d 1280

**Mary Esther CRUZ, Appellant,**

v.

**NEW MEXICO DEPARTMENT OF HUMAN SERVICES, INCOME SUPPORT DIVISION, Appellee.**

No. 6026.

Court of Appeals of New Mexico.

June 30, 1983.

Clark de Schweinitz, Northern New Mexico Legal Services, Inc., Santa Fe, for appellant.

Paul Bardacke, Atty. Gen., Richard N. Shapiro, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

The appeal raises two issues: (1) the evidence to be considered as to the eligibility of a person to receive financial assistance; and (2) the sufficiency of the evidence to support the Department's decision terminating assistance.

Cruz began receiving assistance under the AFDC (Aid to Families with Dependent Children) program in 1974. A "quality assurance" review by the Department determined that Chacon, Cruz' mother, executed deeds purportedly conveying two tracts of real property to Cruz in 1976. After the Department informed Cruz of the Chacon deeds, Cruz executed deeds purportedly conveying the two tracts to her brother. The county office of the Department gave Cruz notice that it proposed to terminate Cruz' financial assistance on the basis that she was ineligible for financial assistance.

Cruz sought and received a "fair hearing" concerning the proposed termination. *See* NMSA 1978, § 27–3–3 (Repl.Pamp.1982). The ultimate decision was against Cruz, and was on the basis that while receiving assistance she transferred property without receiving a monetary return and, thus, became ineligible for assistance. The regulation relied upon by the Department was § 272.2 of the Department's Income Support Division Program Manual (Vol. I, 1982). References to other regulations in this manual will be to section number only.

*Evidence to be Considered*

■ At the time the Department's county office gave notice to Cruz of the proposed termination of financial assistance, that office had information as to purported transfers of real estate from Chacon to Cruz, had Cruz' explanation that "she never wanted the property to begin with", had Cruz' admission that she had not reported receiving the property, and had Cruz' admission that she had transferred the property to her brother. On the basis of this information the county office could properly conclude that Cruz "transferred the property knowingly and obviously for the purpose of retaining her assistance", and could properly propose termination of her financial assistance. *See* § 221.831.

Evidence at the "fair hearing" presents a different view of the matter. That evidence raised substantive issues under the law of conveyancing. We discuss that evidence in the next issue.

The Department contends that the evidence at the fair hearing which raised the conveyancing issues should not be considered. It relies on the first paragraph of § 275.472 which reads:

All information presented or used by the county office (or its witnesses, if any) during the course of the hearing must be heard by or, if written, must be available to the claimant or his representative for examination prior to the hearing as well as during the hearing itself. No other information may be a part of the hearing record or used in making a decision on the case.

The Department states that the above-quoted section

indicates that the relevant subject matter of an HSD fair hearing is the information supplied to the client's eligibility worker prior to the action taken by the worker which is subject to the appeal. Essentially, the scope of review is whether or not the eligibility worker made a correct decision on the information supplied to him/her before adverse action was taken.

The claim is that the review by this Court of a "fair hearing" decision is limited to whether the Department's representative proceeded properly on the basis of information known *prior* to the "fair hearing". The claim is frivolous, being contrary to § 27–3–3(C) and § 275.1. In making the claim, the Department disregards the context of the above-quoted paragraph from § 275.-472. That paragraph provides that information utilized at the hearing must be available to the claimant and that only information available to the claimant "may be a part of the hearing record or used in making a decision . . . ." *See Hillman v. Health and Soc. Services Dept.*, 92 N.M. 480, 590 P.2d 179 (Ct.App.1979).

That the quoted section is not to be read as the Department claims is shown by another paragraph in § 275.472, which reads:

The claimant may present his case in any way he desires including the telling of his story in his own way, having a representative, relative or friend present evidence for him or being represented by legal counsel. The claimant may give all of the evidence on the points at issue he believes necessary without undue interference, may request substantiation of statements made by other[s] and may present evidence in rebuttal.

The evidence that we consider is the evidence contained in the record of the "fair hearing".

*Sufficiency of the Evidence*

■ The evidence refers to two tracts of real estate—15.19 acres in or near Holman and 2 acres in or near Cleveland, New Mexico. Cruz conveyed the Holman tract to

Chacon in 1974; no issue is raised concerning the propriety of this conveyance. The deeds by which Chacon purportedly conveyed both tracts to Cruz are not a part of the record of the "fair hearing". The Department has attached to its brief what purports to be a deed conveying the Holman tract to Cruz. We do not consider this attachment. *See* the discussion under the first issue and *Baca v. Swift & Company,* 74 N.M. 211, 392 P.2d 407 (1964). Although the deeds are missing from the record, a permissible inference from the evidence is that Chacon executed deeds, describing the Holman and Cleveland properties, which purportedly conveyed these properties to Cruz, and that this occurred in 1976. This is the basis of the finding that Chacon "transferred her property" to Cruz in 1976. The conveyancing problem begins with this finding; *what* property interest was transferred?

■ Another finding is that Cruz "was not aware of the transfer" until February 1, 1982, the date when Cruz was informed of the "quality assurance" review. There is no dispute as to the propriety of this finding. The evidence is that Chacon executed the deeds and had them recorded. Nothing suggests that the deeds were ever in the possession of Cruz. After recording the deeds, Chacon paid the taxes assessed in Cruz' name.

After being informed of the "transfer", Cruz then executed deeds to these two tracts; the deeds named her brother as grantee. These deeds from Cruz to her brother are the basis for the termination of Cruz' financial assistance.

This appeal does not determine what interest any person owns in the two tracts; we disclaim any such determination. Cruz' assistance was terminated on the basis that she transferred property without receiving a monetary return. This, however, is pertinent only if this property transferred belonged to Cruz so that it was a "property resource" to be considered in determining Cruz' eligibility for financial assistance. Section 221.831; *Russell v. N.M. Human Services Dept.,* 99 N.M. 78, 653 P.2d 1224

(Ct.App.1982). If the Holman and Cleveland tracts were not a property resource of Cruz, those tracts were not an available resource to be used in determining her eligibility. Section 221.83 and *Russell.* Thus the question is not the legal title to the real property but whether the land was a property resource to be considered in determining Cruz' eligibility.

For Cruz to have transferred the real property to her brother, she must first have "acquired" it. *See* § 272.3. If she acquired it, she did so by the 1976 deeds.

Inasmuch as Cruz did not know of the 1976 deeds until 1982, and inasmuch as there is no evidence that Cruz ever possessed the deeds, the parties debate whether there was ever a legal delivery sufficient to pass title to the tracts. As to "delivery", inferences are conflicting. She told her caseworker that she never wanted the property but she executed deeds to the tracts purportedly conveying the tracts to her brother. The Department made no findings concerning "delivery" and we do not decide whether under the evidence there was a legal delivery. *See Waters v. Blocksom,* 57 N.M. 368, 258 P.2d 1135 (1953). The dispositive facts do not involve Cruz, but Chacon, her mother.

The facts pertinent to Chacon are those going to her intent in executing the deeds purportedly conveying the tracts to Cruz. Assuming, but not deciding, that the Chacon deeds were sufficient to convey the legal title, *see Den-Gar Enterprises v. Romero,* 94 N.M. 425, 611 P.2d 1119 (Ct. App.1980), the evidence is that no beneficial interest was transferred. Specifically, the evidence shows a resulting trust. *McCord v. Ashbaugh,* 67 N.M. 61, 352 P.2d 641 (1960). The evidence was oral and contradicts the deeds, but this does not bar consideration of that evidence. *Browne v. Sieg,* 55 N.M. 447, 234 P.2d 1045 (1951).

We have previously pointed out that after recording the 1976 deeds, Chacon continued to pay the taxes on both tracts. Chacon resides on the Cleveland tract as does her husband; Cruz lives in Los Alamos. The Holman tract is used only for grazing,

and the only grazing was by cattle owned by Chacon's husband. There is no evidence that Cruz exercised any dominion or control over either tract at any pertinent time. Cruz testified that she did not consider she was the owner, has never used the property, has received no benefit from the property and lived there only when she was very young. This circumstantial evidence of Chacon's intent is illuminated by the testimony. Cruz testified, without objection, as to what her mother told her; this was that Chacon transferred the tracts "because at that time she was very sick and she couldn't transfer it to my dad because he is an alcoholic"; the mother feared that the father would sell the property. Chacon testified that she transferred the land to Cruz because, at the time of the transfer, she was going to have surgery for cancer and feared that she might die "and I wanted to leave the land to her." The deeds were "more or less" like a will. Chacon testified that she did not transfer the land to her husband because he was an alcoholic and she was afraid he would sell it. Chacon also testified that she considers herself the owner.

The only inference from the evidence at the fair hearing reflects that no present beneficial interest in the two properties was conveyed to Cruz; therefore, she had no property resource to transfer and could receive no monetary return. Thus, the two tracts were not an available resource in determining Cruz' eligibility.

The Department's decision terminating Cruz' financial assistance is reversed.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.