700 P.2d 654

Romelia **GUTIERREZ**, Appellant,

v.

**NEW MEXICO DEPARTMENT OF HUMAN SERVICES**, Appellee.

No. 7980.

Court of Appeals of New Mexico.

May 7, 1985.

Romelia Gutierrez, pro se.

Richard J. Rubin, Gen. Counsel, Brenda J. Bellonger, Sp. Asst. Atty. Gen., Human Services Dept., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Manuel Gutierrez (Husband) is an employee of the Human Services Department (HSD). The household of Romelia Gutierrez (Wife) had been certified to receive food stamp benefits. Wife applied for recertification of food stamp benefits. Two issues developed. One was whether Husband could act as Wife's authorized representative. The second was whether Husband had separate household status. These issues were considered through the appeal process within HSD; the director decided these issues against Wife, who appealed. NMSA 1978, § 27–3–4 (Repl.Pamp.1984).

We (1) state the background, (2) identify the proper party appellant, (3) identify deficiencies in the appellate procedure, and discuss (4) the question of authorized representative, (5) the separate household issue, and (6) estoppel.

## BACKGROUND

Husband was employed as a food stamp eligibility worker at all times pertinent to this appeal. Wife applied for food stamp eligibility certification in October 1983. At this time Husband worked in Silver City (Grant County) and Wife lived in Deming (Luna County). Husband served as Wife's authorized representative in connection with the October 1983 application. Husband and Wife were treated as separate households in connection with the October 1983 application. Wife was certified to receive food stamps for a six-month period ending in March 1984.

Wife's application for recertification was March 5, 1984. The county office manager (COM) for the food stamp program in Luna County informed Wife, by letter, that Husband could not act as Wife's authorized representative in connection with the recertification. Wife immediately appealed this denial.

An interview for recertification, scheduled for March 14, was rescheduled for March 19 after a telephone call to the county office by Wife. Husband appeared at the March 19 interview without Wife. Husband presented a note from his sister. The note stated that Husband resided with his sister in Silver City. The COM informed Husband that the note was inadequate proof to support Husband's claim of a separate household.

On March 26, Husband presented a second note from his sister. This note again stated that Husband resided with his sister in Silver City. In addition, the note stated: "He doesn't frequently or occasionally go to Deming. He spends most of his weekends here with us." The COM rejected this second note as inadequate to establish Hus-

band's claim that he was a separate household.

There being no other evidence at that point, recertification was denied. Wife appealed the denial of recertification.

Both appeals were for a fair hearing. Evidence introduced at the fair hearing is referred to subsequently. The director ruled against Wife in both appeals; she then appealed to this court.

The food stamp program is a federal program administered by HSD. NMSA 1978, § 27–2–10 (Repl.Pamp.1984). The regulations cited herein are regulations of HSD appearing in Volume 1 of Income Support Division, Program Manual. The regulations are cited by section numbers.

**PROPER PARTY APPELLANT**

■ Both the notice of appeal and the brief-in-chief identify both Husband and Wife as appellants. Wife was the applicant, not the husband. Wife is the appellant, Husband is not. Section 27–3–4; *State ex rel. Department of Human Services v. Manfre*, 102 N.M. 241, 693 P.2d 1273 (Ct.App.1984).

**DEFICIENCIES IN APPELLATE PROCEDURE**

■ The brief-in-chief was late. Wife explained that this court had not notified her when to file the brief. The Civil Appellate Rules, applicable to this appeal, do not provide that we do so. *See* NMSA 1978, Civ.App.R. 9(b) (Repl.Pamp.1984). We granted an extension of time. Only one copy of the brief was filed and it was not served. *See* Civ.App.R. 9(a) and NMSA 1978, Civ.App.R. 22(b) (Repl.Pamp.1984). Our clerk explained the applicable requirements. The brief has, as attachments, material that is not a part of the record of the hearing. This material will not be considered. *Cruz v. New Mexico Department of Human Services, Income Support Division*, 100 N.M. 133, 666 P.2d 1280 (Ct.App. 1983). Although appearing pro se, Wife is bound by all the applicable procedural rules. *Wilson v. Albuquerque Board of Realtors*, 82 N.M. 717, 487 P.2d 145 (Ct. App.1971).

**AUTHORIZED REPRESENTATIVE**

Participation in the food stamp program is limited to households, Section 421; however, a household may consist of an individual living alone, Section 421.1.

■ An authorized representative acts on behalf of the household in applying for food stamps. The head of the household or a spouse may designate an authorized representative to so act. Section 421.51. Wife designated Husband as her authorized representative in connection with the recertification.

Section 421.57(a) provides:

(a) Employees of the Human Services Department who are involved in the certification and/or issuance process and retailers that are authorized to accept food coupons may not act as authorized representatives without the specific written approval of the County Office Manager, and only if the COM determines that no one else is available to serve as an authorized representative. Documentation of this shall be placed in the household's case file.

Husband comes under Section 421.57(a). He did not have the approval of the COM. Husband could not act as authorized representative of Wife.

However, the propriety of the letter disapproving Husband as authorized representative is not an issue for decision in this appeal. Why? After the COM's disapproval of Husband as authorized representative, Husband did act as authorized representative. He presented the two letters from his sister. At the hearing on the appeal he announced himself as Wife's representative and acted in that capacity at the evidentiary "fair hearing."

We point out that the ineligibility of Husband under Section 421.57(a) to serve as Wife's authorized representative did not

place Wife in a position where she could not have assistance. Others could have served as authorized representative. Section 421.531. Wife wanted *only* Husband to be her authorized representative. Although ineligible, he served in that capacity in violation of Section 421.57(a).

## SEPARATE HOUSEHOLD

We have pointed out that participation in the food stamp program is limited to households; however, under Section 421.1, an individual living alone can be a household. Husband's view is that he is a separate household. At the evidentiary hearing Husband testified that he was no longer living with his sister; "now I have my own place ...." The advantage to Wife, if Husband was a separate household, is that only income of Wife's household would be used in determining eligibility for food stamps. *See* 7 U.S.C.S. § 2014(c) (Law.Co-op.1985) and Section 429.

The issue arose because of Section 421.12(c), which provides that in no event shall separate household status be granted to a spouse of a member of a household. Section 421.12(c) does not expressly deal with the situation where a spouse is away from home for most or all of the month for which food stamps are sought.

An exhibit introduced at the "fair hearing" is referred to by HSD as a federal policy memorandum. This exhibit states:

Normally, a household member must be part of the food buying unit and receive a majority of * * * meals from the household. In that case, an individual will not be part of the household in a particular issuance month if the individual is away from the home for most of the month. If the individual away from home is a spouse, the individual must actually establish residence outside the home in order to apply as a separate household * * *.

Another exhibit, referred to as an HSD policy memorandum, explains the first exhibit: "[I]t was never intended to cover situations where the ... spouse returns home frequently and at every available opportunity." These exhibits were considered as applicable to the separate household issue at the fair hearing; their applicability is not challenged in the appeal.

 Whether a spouse is entitled to separate household status is a factual determination. Section 421.7221, *see also* 7 C.F.R. Section 273.2(f)(2)(i) (1984), provides that an individual who wishes to be a separate household shall be responsible for proving a claim that he is a separate household. This results in a question of whether Wife, or Husband as an individual and not as Wife's authorized representative, had the burden of persuasion in this case. This question need not be answered in this appeal. Regardless of upon whom the burden of persuasion was placed, the director could properly determine, under the evidence, that the burden had not been met.

What was the evidence? Husband works in Silver City, but he works on "flex" time, that is, Tuesday through Friday. During his work week he lives in Silver City. Wife visits Husband in Silver City every other week. According to the COM, he sees Husband in Deming once or twice a month. According to Husband, he used to come to Deming a lot but was no longer doing so at the time of the hearing. According to Husband, the person the COM saw in Deming could have been Husband's brother. There is nothing indicating problems with the marriage.

"In order to determine whether the decision by HSD is supported by substantial evidence in the record as a whole, we must view the evidence in the light most favorable to the decision by HSD." *New Mexico Human Services Department v. Garcia*, 94 N.M. 175, 177, 608 P.2d 151 (1980). Under this standard, the director properly denied separate household status to Husband.

## ESTOPPEL

 Wife contends that HSD is estopped as to both issues. She claims HSD

is estopped to bar Husband from acting as her authorized representative because he acted in that capacity in the past. She claims that HSD is estopped to deny separate household status to Husband because he was accorded that status in the past. There is nothing more.

There is no basis for estoppel in this case. *See Peltz v. New Mexico Department of Health & Social Services,* 89 N.M. 276, 551 P.2d 100 (Ct.App.1976).

The decision of the director is affirmed. No costs are awarded.

IT IS SO ORDERED.

DONNELLY, C.J., and BIVINS, J., concur.